STATE OF INDIANA EX REL. ARDEE HELM, JR. *v.* KEITH FRASER, JUDGE.

[No. 573S100. Filed July 9, 1973. Rehearing denied September 7, 1973.]

*Ardee Helm, Jr.,* Prosecuting Attorney, of Portland, for relator.

*Keith Fraser,* Judge, of Portland, for respondent.

ARTERBURN, C.J.—This Petition for a Writ of Mandamus was instituted by Relator, Prosecuting Attorney of the 58th Judicial Circuit, who prayed that Respondent, Judge of the 58th Judicial Circuit, be compelled to try the case of *State of Indiana* v. *John D. Foster,* Cause No. 6383 of the Jay Circuit Court, before a jury rather than without a jury. The defendant in this criminal case wished to waive a jury trial because of alleged community prejudice against said defendant.

On May 21, 1973, this Court issued an Alternative Writ of Mandamus to the Judge of the Jay Circuit Court wherein we ordered said judge to try the case before a jury or to show cause why the case should not be tried before a jury. We now consider whether or not to make the alternative writ permanent.

The essential issue here is whether or not the State has a right to demand a jury trial in the face of a defendant's claim that any jury in the county would be prejudiced against him due to prior adverse newspaper publicity. IC 1971, 35-1-34-1 [*Burns' Ind. Stat. Ann.* § 9-1803 (1956 Repl.)] provides that:

> "The defendant and prosecuting attorney, with the asent of the court, may submit the trial to the court. All other trials must be by jury."

This Court has previously applied that statute in a situation similar to the one now before us. In *Alldredge* v. *State* (1958), 239 Ind. 256, 156 N. E. 2d 888, we held that the statute meant precisely what it said; that is, that a defendant could

not, without the assent of the prosecuting attorney *and* the trial court, waive trial by jury. We there recognized that what was involved was not a constitutional right, but a matter of policy within the discretion of the legislature, and that "the wisdom or policy in such matters is not for a court to determine." *Alldredge, supra,* 239 Ind. at 263, 156 N. E. 2d at 891. There is no constitutional infirmity in such a procedure as our legislature has adopted. *Singer* v. *United States* (1965), 380 U.S. 24, 13 L. Ed. 2d 630, 85 S. Ct. 783.

Respondent nevertheless urges us to permit an exception to the applicability of the statute in the instant case because of the presence of putative adverse publicity which allegedly prevents the formation of an impartial jury. It is sufficient for us to observe that there existed and exists for the defendant other means of redress; perhaps most obviously, a change of venue. Contrary to Respondent's claim that the time for filing an application for a change of venue had passed, C.R. 12 provides for a belated application if the cause for a change of venue is first discovered, and could not have been discovered before by the exercise of due diligence, more than ten (10) days after a plea of not guilty. The only purpose of a change of venue is to avoid a trial in an unfavorable, prejudicial atmosphere or before a jury so influenced.

Thus, absent any showing of the inefficacy of alternative remedies, we hold that the statute is applicable. The alternative writ of mandamus heretofore issued is now made absolute and permanent.

All Justices concur.

NOTE.—Reported in 298 N. E. 2d 423.