Charles R. COFFEE, Appellant,

v.

STATE of Indiana, Appellee.

No. 580S144.

Supreme Court of Indiana.

Oct. 29, 1981.

Charles F. Leonard, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Rape. He was sentenced to thirty (30) years imprisonment.

Appellant claims the trial court erred in permitting evidence of out-of-court identification of appellant. He argues the one-to-one show-up occurring shortly after the rape resulted in a substantial likelihood of misidentification in violation of his due process rights guaranteed by the Fifth and Fourteenth Amendments.

Although appellant presented this issue to the trial court in his Motion to Correct Errors, a search of the record fails to reveal an objection to the admission of the out-of-court identification on the specific grounds now presented on appeal.

The record shows the following objection at the time the evidence was offered:

[Defense counsel]: "Your Honor, I'm going to object to any questions having to do with the show-up back at the house until we have some foundation layed [sic] as to how they got him back there. [Defense counsel]: "But my objection is there's been no showing that this was a permissable [sic] type of bringing back."

A question which an appellant seeks to present to the appeals court must be the same as the question presented to the trial court. *Phelan v. State*, (1980) Ind., 406 N.E.2d 237.

The objection presented by the appellant to the trial court did not cover the question which he now seeks to present to this court. We therefore hold appellant has not properly preserved the question for appeal. However, had the allegation been preserved for review, the appellant would not prevail on his alleged error.

Although identification procedures which are so suggestive as to give rise to a substantial likelihood of misidentification violate a defendant's due process rights, *Simmons v. United States*, (1968) 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, it is entirely permissible for a law enforcement officer to present a suspect for identification within a few hours of the commission of the crime.

As this Court stated in *Rogers v. State*, (1979) Ind., 396 N.E.2d 348 at 353, "the value of having the witness observe a suspect while the image of the offender is fresh in their minds has been held to render immediate show-up identification not unnecessarily suggestive." The conduct of the arresting officers in the case at bar was entirely proper.

The trial court is affirmed.

DeBRULER, PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., concurs in result.