Michael ARNOLD, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1082S404.

Supreme Court of Indiana.

March 2, 1984.

Wallace E. Weakley, Sheridan, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaefer Good, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Michael Arnold, was convicted by a jury of burglary, a Class A felony, Ind.Code § 35–43–2–1 (Burns 1983 Supp.), robbery, a Class A felony, Ind.Code

§ 35–42–5–1 (Burns 1983 Supp.), and four counts of criminal confinement, Class B felonies, Ind.Code § 35–42–3–3 (Burns 1983 Supp.). He was sentenced to the Indiana Department of Correction for concurrent terms of thirty years each on the burglary and robbery convictions and ten years on each of the criminal confinement convictions. In this direct appeal, he has raised fifteen issues which we have combined into the following nine issues:

1. Whether the trial court erred in denying defendant's oral waiver of a jury trial;

2. Whether the trial court erred in ordering one witness to testify over his objections;

3. Whether the trial court erred in allowing one witness to make an in-court identification of defendant and to testify about certain out-of-court statements made by another person;

4. Whether the trial court erred in allowing certain allegedly leading questions to be asked of one witness and in refusing to allow defendant's counsel to question witnesses about possible drug charges against them;

5. Whether the trial court erred in admitting into evidence some of the state's exhibits which were not disclosed on the state's response to defendant's motion for discovery;

6. Whether the trial court erred in denying defendant's motion to suppress the testimony of police officers and evidence they introduced as to the events occurring at the scene of the crime due to the allegedly illegal forced entry and warrantless search and seizure by the police;

7. Whether the trial court erred in refusing to give two of defendant's tendered instructions covering conflicts in the evidence and the doctrine of self-defense;

8. Whether there was substantial evidence of probative value on the material elements of the crimes charged to support the guilty verdicts on all six counts; and

9. Whether the sentences imposed constitute cruel and unusual punishment.

A brief summary of the facts from the record shows that during the early morning hours of November 29, 1981, defendant and another man forced their way into the apartment of Jeffery Murray in Noblesville, Indiana. Defendant was brandishing a handgun. The two men proceeded to tie up and gag the four occupants of the apartment, inflicted cuts on two of the victims, and took money and jewelry. Several Noblesville police officers were in the apartment complex as they had been called on a purse snatching complaint. One of the officers noticed a wide open window at Murray's apartment and then saw that someone inside that apartment was tied up on the floor and another person was being dragged into the room. The officers announced that they were police and demanded entrance. When there was no response, two officers kicked open the front door while another officer climbed in the open window and another guarded the sliding glass doors at the back of the apartment. The police found the two perpetrators in the apartment as well as the four victims.

I.

On the morning the trial was scheduled to start, defendant made a motion to waive his right to a jury trial and proceed with a trial to the court. The state did not object to defendant's waiver, but the court stated that since the jury had already been called and was waiting for the voir dire to begin the court would not assent to the waiver of the jury trial. Our statute clearly states that a defendant may not waive a jury trial without the assent of the prosecutor *and* the trial court. Ind.Code § 35–37–1–2 (Burns 1983 Supp.). We have held that this statute clearly means what it says and that the defendant, the state, *and* the trial court must all agree to any waiver of a jury trial. *State ex rel. Helm v. Fraser*, (1973) 260 Ind. 585, 298 N.E.2d 423; *Alldredge v. State*, (1959) 239 Ind. 256, 156 N.E.2d 888. There was no error in proceeding with a jury trial in this case.

## II.

■ Jeffery Murray, one of the alleged victims, was subpoenaed to testify for the state. He refused to testify on the ground of his Fifth Amendment right, since there were certain felony charges pending against him. The state then offered Murray use immunity pursuant to Ind.Code § 35-6-3-1 (Burns 1979), (repealed; re-enacted as Ind.Code § 35-37-3-1, *et seq.* (Burns 1983 Supp.)) and the court ordered him to testify over defendant's objection. Defendant now argues that he was denied due process in that the state could grant immunity to witnesses but he could not.

Defendant's argument is clearly the same as an equal protection claim which we have previously denied. We held that the mandate for equal protection of the law does not prevent different treatment of persons in different classifications, if the classifications are reasonable and serve a legitimate purpose. We further said: "The State alone has the responsibility of prosecuting crimes. To meet that responsibility, the State, not the defendant, must have the authority to grant immunity. There is no unlawful denial of equal protection here." *Walters v. State,* (1979) 271 Ind. 598, 602, 394 N.E.2d 154, 157. *See Williams v. Rhodes,* (1968) 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24; *Wallace v. State,* (1981) Ind., 426 N.E.2d 34. The statute granting use immunity exists for the benefit of the state and the trial court did not err in ordering Murray to testify.

## III.

Defendant next argues that the court erred in allowing one of the victims, Leah Bailey, to identify him in the courtroom during the trial. However, the record shows that defendant did not object to this identification at the time it was made. We have repeatedly held that the failure to object at trial to the admissibility of evidence, constitutes a waiver of the issue, preserving nothing for review. *Ross v. State,* (1982) Ind., 429 N.E.2d 942; *Stubblefield v. State,* (1979) 270 Ind. 421, 386 N.E.2d 665.

■ Defendant also contends that the trial court erred in allowing Bailey to testify about statements defendant's accomplice made during the robbery. The record shows that during the course of the robbery defendant's accomplice asked one of the victims where the jewelry was kept and told Bailey to put her face to the floor and close her eyes. Defendant now claims that the question and statements of his accomplice were hearsay and that Bailey should not have been permitted to testify about them. We find no merit to this argument as it is clear these statements were not offered for the truth of the matter therein but were simply part of the *res gestae.* It is well settled that hearsay is an out-of-court statement repeated in court to establish the truth of the matter contained therein. *Henderson v. State,* (1983) Ind., 455 N.E.2d 1117; *Dunaway v. State,* (1982) Ind., 440 N.E.2d 682. There was no error in admitting this testimony.

## IV.

■ Defendant next argues that the state attempted to establish the fact that the victims had suffered bodily injury by improperly asking leading questions during the direct examination by one of the victims. The state correctly points out that defendant has failed to preserve the issue for our review as his objection at trial was solely concerned with relevance. It is well settled that to preserve an issue for appeal, the question raised on appeal must be the same as the objection raised to the trial court. *Coffee v. State,* (1981) Ind., 426 N.E.2d 1318; *Beasley v. State,* (1977) 267 Ind. 396, 370 N.E.2d 360.

■ Defendant also contends that the trial court erred in refusing to allow him to cross-examine one of the victims about drugs he may have purchased from Jeffery Murray at an earlier time and in refusing to allow him to question two witnesses as to whether they knew they could be charged with possession of drugs. Defendant argues that since drugs were found in Murray's apartment at the time of the

crime and other witnesses testified about the presence of drugs, the issue was not a collateral matter and should have been available for impeachment purposes.

It has long been settled in this state that a witness cannot be impeached by proof of particular extraneous acts of misconduct which are not reduced to convictions. *Jarvis v. State,* (1982) Ind., 441 N.E.2d 1; *Chambers v. State,* (1979) 271 Ind. 357, 392 N.E.2d 1156; *Swan v. State,* (1978) 268 Ind. 317, 375 N.E.2d 198. Furthermore, only certain convictions will be allowed to be introduced for impeachment purposes. *Daniels v. State,* (1980) Ind., 408 N.E.2d 1244; *Ashton v. Anderson,* (1972) 258 Ind. 51, 279 N.E.2d 210. The testimony in this case which was excluded did not concern specific convictions and there was no error in its exclusion.

### V.

Defendant next contends that the state violated the court's order of discovery by failing to include a list of the items recovered from Murray's apartment in its response to discovery. The record shows that this list of evidence was inadvertently not attached to the response to discovery as there is a reference to a list of items on a return of a search warrant, but the return of the search warrant is not attached to the other response to discovery papers. The items listed on the return on the search warrant and subsequently admitted at trial were two handguns, a shell chamber, a bag of bullets, and a knife. When defendant objected to their admission at trial on the basis that he had not been aware of them and had not been able to test them for fingerprints, the court offered defendant a continuance of two or three hours or longer, if necessary. Defendant refused the offer of a continuance, stating that so many people had handled the items it would not be possible to run fingerprint tests. The court also noted that the search warrant was a matter of public record and defendant was aware that the use of weapons had been alleged in the charge.

It is well settled that the trial court is given wide discretion in discovery matters since the court has the duty to guide and control the proceedings and promote the discovery of truth. We have consistently held that a continuance is the proper remedy when the parties' discovery has failed to disclose all pertinent information. *Harris v. State,* (1981) Ind., 425 N.E.2d 112; *Reid v. State,* (1978) 267 Ind. 555, 372 N.E.2d 1149. We find no abuse of discretion in this case as defendant was offered a continuance which he refused and was aware of the items introduced from the nature of the charges against him.

### VI.

Defendant next contends that the police did not have probable cause to support their forced entry into Murray's apartment and the subsequent arrest and search for weapons which followed. It has been clearly established in Indiana that a police officer may arrest an individual without a warrant when the officer has reasonable and probable cause to believe that the person has committed a felony. A warrantless search is justified incident to a lawful arrest when the area searched is within the arrestee's control. *Lindley v. State,* (1981) Ind., 426 N.E.2d 398; *Battle v. State,* (1981) Ind., 415 N.E.2d 39; *Gaddis v. State,* (1977) 267 Ind. 100, 368 N.E.2d 244.

In this case, the state established that the police had looked through an open window and had seen a bound victim being dragged inside a room. There was no answer when they knocked on the door and announced themselves. This was sufficient probable cause for the forced entry, and when they found four bound and gagged victims on the floor, there was sufficient probable cause to arrest defendant and search the immediate area. There was no error here.

At various points throughout the trial, defendant made motions for a mistrial based upon his claim that evidence which was improperly and illegally obtained from the search of Murray's apartment had been

presented to the jury and was greatly prejudicial to him. We find that there was no error in the denial of any of these motions since there was neither an illegal arrest nor an illegal search. Furthermore, defendant had no standing to challenge the propriety of the forced entry or subsequent search since he had no legitimate expectation of privacy in Murray's apartment. *Clifford v. State*, (1984) Ind., 457 N.E.2d 536; *Holt v. State*, (1979) 272 Ind. 183, 396 N.E.2d 887.

### VII.

Defendant next contends that the court erred by refusing to give two of his tendered final instructions. His Instruction No. 2 which stated that "All doubts in the evidence must be resolved in favor of the innocence of the accused" was refused by the court as being incorrect because the "doubts" were not defined as "reasonable" doubts. We have upheld the refusal of substantially the same instruction in *Lewis v. State*, (1976) 264 Ind. 288, 342 N.E.2d 859. We stated that this instruction meant no more than that a presumption of innocence followed a defendant until contradicted by evidence showing guilt beyond a reasonable doubt and that even with the word "reasonable" inserted in such an instruction, it was generally not left standing alone but was further explained. Here, as in *Lewis,* the substance of this instruction was covered by other instructions explaining the presumption of innocence and there was no error in the refusal of defendant's Instruction No. 2.

Defendant's tendered Instruction No. 6 covered the defense of self-defense and was also refused by the court. The record shows that defendant testified at the trial that he went to Murray's apartment to purchase drugs early in the evening of November 28, 1981. When he later examined his purchase, he was not satisfied with its quality and so returned to Murray's apartment to exchange the drugs or get a refund of his money. He testified that he wasn't armed, but saw a gun on the sofa by Murray. He further testified that the victims were tied up so that he and his companion would not be shot or harmed as they left the apartment after a lengthy argument over the drugs purchased.

However, there is no evidence which would show that defendant and his companion were ever threatened or attacked by any of the victims. Rather, the evidence clearly established that defendant and his accomplice entered Murray's apartment by force, bound and gagged the occupants and demanded and obtained money and jewelry. Self-defense is not available under Ind.Code § 35–41–3–2(d)(1) and (3) (Burns 1979 Repl.) where the accused is committing a crime or is the initial aggressor. *Southard v. State*, (1981) Ind.App., 422 N.E.2d 325. There was no error in refusing defendant's instruction covering self-defense.

### VIII.

Defendant next argues that the state failed to establish every element of the crimes charged as there was no sufficient evidence to establish a breaking and entering of Murray's apartment, or bodily injury, or being armed with a deadly weapon. It is axiomatic that on any sufficiency issue as a court of review we will neither judge the credibility of witnesses nor reweigh the evidence. We will look only to that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Muse v. State*, (1981) Ind., 419 N.E.2d 1302; *Wofford v. State*, (1979) 271 Ind. 518, 394 N.E.2d 100; *Poindexter v. State*, (1978) 268 Ind. 167, 374 N.E.2d 509.

In this case, the record shows that the victims testified that the door of the apartment was pushed in by one of the robbers and that he was armed with a handgun. The robbers ordered the four occupants of the apartment to "hit the deck" and then bound and gagged them, depriving them of their liberty. They ransacked the apartment searching for money and drugs and took money and jewelry

belonging to Murray. They inflicted cuts on two of the victims. This was sufficient evidence to establish all of the elements of the crimes of burglary, robbery, and criminal confinement as charged in this case.

## IX.

Defendant finally contends that sentences of thirty years on each of the burglary and robbery convictions and ten years on each count of criminal confinement are excessive and grossly disproportionate to the severity of the crimes and constitute cruel and unusual punishment. However, the sentences here were all the basic presumptive sentences for Class A and Class B felonies respectively. The court ordered the sentences to be served concurrently. Defendant does not point to any mitigating circumstances which would justify a sentence less than the presumptive one.

This Court has continuously held that when a sentence is within the statutory limits we are not at liberty to set aside or alter the sentence unless the record indicates a manifest abuse of discretion. *George v. State*, (1980) Ind., 403 N.E.2d 339; *Dodson v. State*, (1978) 269 Ind. 380, 381 N.E.2d 90. The sentence here was within the statutory limits and was imposed after the trial court had given full consideration to the presentence report and all the evidence presented at the sentencing hearing. There was no abuse of discretion here.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.