**Michael BUNTON, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 50A03–8612–CR–366.**

Court of Appeals of Indiana, Third District.

Aug. 10, 1987.

Rehearing Denied Sept. 21, 1987.

Susan K. Carpenter, Public Defender, Eric K. Koselke, M.E. Tuke, Deputy Public Defenders, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Michael Bunton appeals a trial court's ruling denying his motion to correct an alleged sentencing error. On July 31, 1984 the trial court acting pursuant to a plea agreement, sentenced Bunton to five years at the Indiana Department of Corrections and ordered one year of the sentence suspended. The court further ordered Bunton placed on probation "for a period of five (5) years commencing from the date of sentencing."

On appeal Bunton argues that the trial court erred in placing him on probation while he was executing a four-year term of imprisonment. Thus, the sentence requires Bunton to be on probation at the same time he is serving an executed term of imprisonment. Bunton argues that such a sentence is improper.

IND.CODE § 35–38–2–2 (1983 Supp.) provides:

> "(c) As a condition of probation, the court may also require that the person serve a term of imprisonment in an appropriate facility at whatever time or intervals (consecutive or intermittent) within the period of probation the court determines."

In discussing a predecessor statute with the same provision, IND.CODE § 35–7–2–1(c) repealed 1983, this Court determined that a trial court may suspend a sentence, place a defendant on probation and then order, as a condition of probation, the defendant to serve a consecutive period of imprisonment. *McVey v. State* (1982), Ind. App., 438 N.E.2d 770, 773–774.

Bunton argues that pursuant to *McVey, supra,* the court could suspend the five-year sentence, place him on probation for five years and then, as a condition of pro-

**326**

bation, the court could order him to serve four years imprisonment. Because the court did not suspend the entire sentence and specifically state that the four years imprisonment was a condition of probation, Bunton contends the sentence was improper. The effect and the intent of the court's order are the same. Further, the order stated that Bunton's probation would commence upon sentencing, and that Bunton had to comply with terms of probation during the five years. Bunton agreed to those terms.

Therefore, the sentence imposed against Bunton comports with the statute, IND. CODE § 35–38–2–2, and with *McVey, supra.* The trial court's judgment is affirmed.

Affirmed.

GARRARD, P.J., and YOUNG, J., concur.