James E. KINCAID, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A04–0004–CR–142.

Court of Appeals of Indiana.

Oct. 20, 2000.

Michael B. Troemel, Lafayette, Indiana, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Kostas A. Poulakidas, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge

Appellant–Defendant James E. Kincaid (Defendant) appeals from the trial court's order revoking his probation from his conviction of burglary, a Class B felony.

Defendant pled guilty to burglary, a Class B felony, on September 16, 1988. The trial court sentenced him to a term of ten years for the conviction, but then suspended the sentence and ordered Defendant be placed on supervised probation. One of the terms of Defendant's probation was a prohibition against the use of illegal drugs.

Defendant was arrested for attempted burglary in Ohio on July 8, 1989. Defendant pled guilty to that offense and was sentenced to four and a half years executed on February 23, 1990. Defendant's probation in the instant case was suspended because of the Ohio conviction. On July 11, 1994, Defendant was paroled on the Ohio conviction, and his Indiana probation was reinstated and extended for ten years. On July 7, 1997, while on parole in Ohio, and on probation in Indiana, Defendant tested positive for cocaine use. The Ohio trial court revoked Defendant's parole for testing positive for illegal drugs and ordered him to serve two years for the violation.

On April 7, 1998, the State filed an amended petition to revoke Defendant's probation alleging that Defendant tested positive for cocaine while on probation. After Defendant was released from prison in Ohio, he was transported to Indiana on the petition filed here.

On October 18, 1999, and December 27, 1999, a probation revocation hearing was held wherein Defendant admitted to cocaine use. The trial court revoked Defendant's probation and ordered him to serve six years in the Department of Correction followed by four years of supervised probation.

Defendant contends that the trial court abused its discretion by ordering Defendant to serve six years executed for the probation violation in the instant case. The petition to revoke Defendant's probation alleged that he had used cocaine. Defendant alleges that because the Ohio parole violation resulted from the same instance of illegal use of cocaine, the trial court could not further punish Defendant for that conduct in Indiana. Defendant argues that the trial court violated Defendant's rights under Ind. Const. article I, § 14.[1]

■ The authority to fix a sentence within statutorily prescribed parameters is a discretionary power vested in the trial court. *Hurst v. State*, 717 N.E.2d 883, 886 (Ind.Ct.App.1999). This sentencing authority includes the statutory discretion to suspend and to order probation and establish its terms. *Id.* Probation is a matter of grace and a conditional liberty that is a favor, not a right. *Id.* Ultimately, the decision whether to grant probation and to determine the conditions of probation are matters within the sound discretion of the trial court. *Id.*

■ The court determines the conditions of probation and may revoke probation if the conditions are violated. *Goonen v. State*, 705 N.E.2d 209, 211 (Ind.Ct.App. 1999). A revocation hearing is in the nature of a civil proceeding, so the alleged violation need be proven only by a preponderance of the evidence. *Id.*

■ We have held previously that a violation of a condition of probation does not constitute an offense within the purview of double jeopardy analysis. *See Shumate v. State*, 718 N.E.2d 1133, 1134 (Ind.Ct.App.1999). Double jeopardy protection applies only to criminal proceedings, and probation revocation proceedings are not criminal proceedings because violations must be proven only by a preponderance of the evidence. *Id.* at 1134–35. Moreover, revocation proceedings are based upon violations of probation conditions rather than upon the commission of a crime, and the finding of whether a defendant has complied with these conditions is a question of fact and not an adjudication of guilt. *See id.* at 1135. Therefore, Defendant's argument that the probation revocation in Indiana violated Ind. Const. art. I, § 14 because Defendant served two years executed in Ohio for the same conduct is of no avail here.

■ Further, Defendant seems to make the argument that the trial court's decision to order that Defendant serve six years executed in the Department of Correction was excessive in light of the fact that Defendant served two years in Ohio for a parole violation based on the same conduct. One of the options available to a trial court when revoking a person's probation is to order the execution of the sentence that was suspended at the time of the initial sentencing. *See* Ind.Code § 35–38–2–3(g)(3). In the present case, a ten-year sentence was suspended and later extended. Since the trial court's order that Defendant serve time executed was authorized by statute, the trial court's order was not excessive.

Affirmed.

MATTINGLY, J., and KIRSCH, J., concur.

---

1. Because Defendant does not assert a violation of his Fifth Amendment protection against double jeopardy we limit our discussion to the allegation of a violation of the Indiana Constitution.