**Stephen VIA, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 89A01–0008–PC–265.**

Court of Appeals of Indiana.

Nov. 13, 2000.

Stephen Via, Bunker Hill, Indiana, Appellant pro se.

Karen M. Freeman–Wilson, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

ROBB, Judge

*Case Summary*

Stephen Via was placed on probation and released on his own recognizance fol-

lowing prior criminal proceedings. Ultimately, Via was found to have violated the terms of his probation and was ordered incarcerated. Via appeals the trial court's determination that he was entitled to no credit for time served while on probation. We affirm.

*Issue*

Via raises three issues for our review which we consolidate and restate as whether the trial court erred in denying his motion for credit for time served by refusing to give him credit for the time he was on probation.

*Facts and Procedural History*

On December 15, 1999, the trial court revoked Via's probation and ordered that he serve three years at the Department of Correction, followed by one year of probation. The trial court granted no credit time for the time that Via was on probation prior to the revocation. Via filed a motion for credit time asserting that he deserved credit time for the time he was on probation. The trial court denied the motion, stating that Via had been "released on his own recognizance on these proceedings and was, therefore, properly given no credit time." R. 28. Via again filed a petition for credit time which the trial court also denied. Via then filed a praecipe with the trial court and now appeals.

*Discussion and Decision*

Via argues that while he was on probation he was still in custody and therefore is entitled to receive credit for the time he spent on probation.[1] We note that Via was released on his own recognizance. Because the record does not indicate otherwise, and Via does not allege otherwise in his brief, we will assume that Via was not

---

1. With respect to the credit a defendant earns, credit for time served is different than "credit time," formerly referred to as "good time." Credit for time served is calculated as a day for day. "Credit time" refers to the credit to which a defendant is entitled in addition to the days actually spent in confinement. In his brief, Via uses both the term "credit time" as well as "credit for time served," presumably meaning credit for time served in both instances. As will be discussed below, Via is entitled to neither credit for time served nor credit time.

subject to home detention, a community corrections program, or any other type confinement while on probation.[2]

With respect to how *credit time* (formerly known as "good time" credit) applies to probation, the general proposition is that "a person does not earn credit time while on parole or probation." Ind.Code § 35-50-6-6. Therefore, Via did not earn credit time while he was on probation. However, with respect to *credit for time served,* we have decided that when a probationer is restricted of his liberty or subjected to some type of confinement, he is entitled to credit for the time he served. *See Dishroon v. State,* 722 N.E.2d 385 (Ind.Ct.App. 2000) (holding that a defendant ordered to serve home detention as a condition of probation is entitled to credit time); *see also* Ind.Code § 35-38-2.6-6 ("[a] person who is placed in a community corrections program ... is entitled to earn credit time."). Here, Via was on probation but was not in custody; he was in no way confined nor was his liberty restricted while he was released on his own recognizance. Therefore, the trial court did not err and Via was not entitled to credit for the time he spent on probation.

### Conclusion

We hold that the trial court did not err in denying Via credit for the time he served on probation. Therefore, we affirm.

Affirmed.

MATHIAS, J., and MATTINGLY, J., concur.

---

2. The State argues that the record of proceedings is incomplete and therefore this appeal should be waived. We note, however, that the trial court ruled that this appeal would proceed at public expense and detailed specific documents to be provided for the record.

These documents do, indeed, provide us with enough information to decide the issue at hand: whether Via was properly denied credit time for the time he was on probation and therefore, we do have enough information to decide this appeal on the merits.