**Terry R. KINCAID, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 06A01–0104–PC–138.**

Court of Appeals of Indiana.

Nov. 6, 2001.

Nicholas C. Deets, Hovde Law Firm, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy At-

torney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Terry R. Kincaid contends that the trial court's failure to credit him for probation served prior to granting his petition for post conviction relief violates the double jeopardy clauses of the United States and Indiana Constitutions. Because we find that double jeopardy principles dictate that Kincaid should have been credited for the time served on probation under his original plea agreement, we reverse.[1]

### Facts and Procedural History

On July 29, 1996, the State filed charges of Escape, Resisting Law Enforcement, Operating While Intoxicated, Attempted Theft, and Criminal Mischief, as well as a violation of probation in another cause, against Kincaid. Kincaid and the State entered into a plea agreement in which Kincaid pled guilty to Resisting Law Enforcement and Operating While Intoxicated and the State dismissed the rest of the charges. Pursuant to the plea agreement that was accepted on September 22, 1997, the trial court sentenced Kincaid to the Indiana Department of Correction for a period of one year on each count, consecutive, which the trial court suspended except for the 22 days already served, and to supervised probation for a period of two years.

On June 10, 1998, a report that Kincaid violated his probation was filed.[2] Thereafter, the State filed a petition to revoke Kincaid's probation. After several continuances, the trial court held a final hearing on the petition to revoke on March 4, 1999. Kincaid admitted the violation and the trial court extended his period of probation by one year and ordered him to serve 60 days on house arrest as an additional condition of his probation.

On October 6, 1999, Kincaid sought post-conviction relief from the plea he entered into in September 1997. Kincaid alleged that he did not enter the plea knowingly and voluntarily. On February 3, 2000, the trial court granted Kincaid's petition and set aside his previously entered pleas to Resisting Law Enforcement and Operating While Intoxicated. Pursuant to Indiana Post–Conviction Rule 1, § 10,[3] Kincaid

---

1. We hereby deny Appellant's Request for Oral Argument.

2. The record does not disclose the date on which Kincaid committed the violation.

3. Indiana Post–Conviction Rule 1, § 10 provides:
   (a) If prosecution is initiated against a petitioner who has successfully sought relief under this rule and a conviction is subsequently obtained, or
   (b) If a sentence has been set aside pursuant to this rule and the successful petitioner is to be resentenced, then the sentencing court shall not impose a more severe penalty than that originally imposed unless the court includes in the record of the sentencing hearing a statement of the court's reasons for selecting the sentence that it imposes which includes reliance upon identifiable conduct on the part of the petitioner that occurred after the imposition of the original sentence, and the court shall give credit for time served.
   (c) The provisions of subsections (a) and (b) limiting the severity of the penalty do not apply when:
   (1) a conviction, based upon a plea agreement, is set aside;
   (2) the state files an offer to abide by the terms of the original plea agreement within twenty (20) days after the conviction is set aside; and
   (3) the defendant fails to accept the terms of the original plea agreement within twenty (20) days after the state's offer to abide by the terms of the original plea agreement is filed.

again pled guilty to Operating While Intoxicated and Resisting Law Enforcement on February 17, 2000. The terms of the new plea agreement mirrored the terms of Kincaid's previous plea. The trial court did not credit Kincaid for the time he previously served on probation.

On July 28, 2000, Kincaid violated his probation and, subsequently, the State filed a petition to revoke Kincaid's probation, alleging that Kincaid had been charged with Operating While Intoxicated. Kincaid then filed a Motion to Correct Erroneous Sentence and to Dismiss Petition to Revoke alleging that the trial court had improperly failed to credit his new sentence with the time he had served on probation under the original sentence, and that, properly credited, his probationary term had expired prior to the violation. The trial court denied Kincaid's motion. Next, Kincaid filed a motion to reconsider clarifying that he was seeking credit for the two years he had served on probation under the Double Jeopardy Clause of the United States Constitution, Amendment V.[4] The trial court similarly denied this request, but stated that it would grant permission for an interlocutory appeal if requested. We denied Kincaid's petition for interlocutory appeal on December 4, 2000, and the trial court set the probation revocation for final hearing.

After the trial court denied an amended Motion to Correct Erroneous Sentence and to Dismiss Petition to Revoke, Kincaid admitted violating his probation by consuming alcohol. The trial court ordered Kincaid to execute the remaining portion of his sentence but granted his Motion to Stay Sentence Pending Appeal. This appeal ensued.

### Discussion and Decision

Kincaid presents an issue of first impression for this court to review. Kincaid posits that the trial court's failure to credit him for probation served prior to granting his petition for post-conviction relief violates the Double Jeopardy Clauses of the United States and Indiana Constitutions. In particular, Kincaid maintains that re-sentencing him to the full two years of probation resulted in multiple punishments for the same offense in contravention of double jeopardy principles. Moreover, he asserts that had the trial court credited him for the time he served on probation, he would not have had any further probation to serve and would not have been on probation at the time of his July 28, 2000 probation violation.

At the outset we acknowledge that a violation of a condition of probation does not constitute an offense within the purview of double jeopardy analysis. *Kincaid v. State*, 736 N.E.2d 1257, 1259 (Ind. Ct.App.2000). This conclusion derives from the fact that revocation proceedings may be based upon violations of probation conditions rather than upon the commission of a crime, and the finding of whether a defendant has complied with these conditions is a question of fact and not an adjudication of guilt. *Id.* Accordingly, a

---

4. Although Kincaid did not assert a double jeopardy violation in his original motion, the State does not allege that such an omission resulted in waiver of the issue. Moreover, we have previously said that the court must address the merits of a defendant's motion to reconsider its previous sentence in view of the liberty interests at stake in continued incarceration. *See Weaver v. State*, 725 N.E.2d 945 (Ind.Ct.App.2000). While the case at hand involves probation, not incarceration, we reach a similar conclusion due to the fact that probation, like incarceration, is a form of punishment that restricts a defendant's liberty interests. *See Kopkey v. State*, 743 N.E.2d 331, 337 (Ind.Ct.App.2001), *trans. denied. See also Parker v. State*, 676 N.E.2d 1083, 1085 (Ind.Ct.App.1997) (recognizing that a probationer enjoys only conditional liberty interests, not full liberty interests).

trial court does not violate double jeopardy principles in requiring a probationer to serve his entire suspended sentence, without giving him credit for time spent on probation prior to the revocation, after finding he violated one or more conditions of his probation, even if he has served all but one day of his probationary period. Ind.Code § 35–38–2–3(a)(1), (g)(3); *see also Crump v. State*, 740 N.E.2d 564, 568 (Ind.Ct.App.2000), *trans. denied* (reiterating that the probationary period begins immediately after sentencing and ends at the conclusion of the probationary phases of the defendant's sentence); *Kincaid*, 736 N.E.2d at 1259 (declaring that one of the options available to a trial court when revoking a person's probation is to order the execution of the sentence that was suspended at the time of initial sentencing). However, in the instant case we are not dealing with a revocation of probation. Instead, we are presented with the question of whether double jeopardy requires us to credit a probationer for time served on probation when the underlying conviction is set aside and the defendant is re-sentenced. We find that it does.

The U.S. Constitution, Amendment V provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This clause is applicable to the states through the Fourteenth Amendment. *Bryant v. State*, 660 N.E.2d 290, 295 (Ind.1995), *cert. denied* (citing *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)). Similarly, the Indiana Constitution, Article I, § 14 provides in part: "No person shall be put in jeopardy twice for the same offense."

Both the federal and state double jeopardy clauses have been interpreted to protect a person from suffering (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Wilcox v. State*, 748 N.E.2d 906, 909 (Ind. Ct.App.2001), *trans. denied. See also North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds.* The U.S. Supreme Court has stated:

This last protection is what is necessarily implicated in any consideration of the question whether, in the imposition of sentence for the same offense after retrial, the Constitution requires that credit must be given for punishment already endured. The Court stated the controlling constitutional principle almost 100 years ago, in the landmark case of *Ex parte Lange*, [85 U.S. 163,] 18 Wall. 163, 168, 21 L.Ed. 872 [(1873)]:

"If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same [offense]. And * * * there has never been any doubt of (this rule's) entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offense."

" * * * (T)he Constitution was designed as much to prevent the criminal from being twice punished for the same offense as from being twice tried for it." *Id.*, at 173.

*Pearce*, 395 U.S. at 717–18, 89 S.Ct. 2072.

The State does not dispute that the two different pleas, each of which resulted in a two-year term of supervised probation, were based on the same offense. Therefore, we need only determine whether the trial court subjected Kincaid to "multiple punishments" for the same offense by resentencing him under the new plea agreement without giving him credit for time he served on probation under his original plea.

The U.S. Supreme Court has previously determined that "probation is itself a punishment that is criminal in nature." *Hicks v. Feiock*, 485 U.S. 624, 639 n. 11, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988). Likewise, we have recognized probation as a form of punishment. *See Kopkey v. State*, 743 N.E.2d 331, 337 (Ind.Ct.App.2001), *trans. denied* (stating "[i]n-home detention, like probation or incarceration, is a form of criminal punishment. Like probation, in-home detention is one point on a continuum of possible punishments ranging from solitary confinement in a maximum-security facility to a few hours of mandatory community service.") (citations omitted). Moreover, it is a well-established principle that for double jeopardy purposes a defendant must be credited for time served if re-sentenced following a successful petition for post-conviction relief. Ind. Post–Conviction Rule 1, § 10. *See also Pearce*, 395 U.S. at 718, 89 S.Ct. 2072 (enunciating that it is clear that the basic constitutional guarantee of not being subjected to multiple punishments for the same offense is violated when *punishment* already exacted for an offense is not fully credited in imposing sentence upon a new conviction for the same offense) (emphasis added). Because probation is punishment, as is actual incarceration, we find that a probationer is similarly entitled to credit for time served on probation for double jeopardy purposes.

■ Kincaid began his probationary period on September 22, 1997. He served approximately 261 days of his probationary period without incident. On July 21, 1998, a summons was issued for his appearance before the trial court for a probation violation report that was filed with the court on June 10, 1998. Due to a series of continuances, the final hearing on his probation violation was not held until March 4, 1999. Because Indiana Code § 35–38–2–3(c) mandates that the issuance of a summons tolls the period of probation until the final determination of the charge, we do not include the period of time between July 21, 1998 and March 4, 1999, as time Kincaid spent on probation.[5] After admitting to the violation,[6] Kincaid served 333 more days of his probationary period before his petition for post-conviction relief was granted. On February 17, 2000, Kincaid entered into a second plea agreement. At the time he entered the second plea, Kincaid had already served all but 94 days of his original probationary period. However, the trial court did not credit Kincaid for any of the time he spent on probation under the terms of the original plea agreement.

Based on the foregoing, we conclude that Kincaid was subjected to multiple punishments for the same offense in contravention of double jeopardy principles. Additionally, we recognize that to hold otherwise could have a chilling effect upon a defendant's decision to file a petition for post-conviction relief to set aside an illegal plea.[7] While the trial court acted within

---

5. Kincaid should also be credited for the 42 days of probation he served from the time of his violation to the time the summons was issued. *See* Ind.Code § 35–38–2–3(c) (providing for tolling upon issuance of the summons, not upon the commission of the probation violation).

6. The trial court extended Kincaid's probation by one year after he admitted violating a condition of his probation. However, because the plea upon which the revocation was based was set aside, we find that the one year extension should also be set aside. Therefore, in determining whether the trial court erred in denying Kincaid's Motion to Dismiss Petition to Revoke we focus on whether Kincaid had fully served two years of probation, not three years, at the time of his July 2000 probation violation.

7. Conversely, we conclude that this decision should not have a chilling effect upon trial judges' decisions to reassign defendants to

its discretion in accepting the new plea, it should have given Kincaid credit for the 636 days of probation he previously served. By not crediting Kincaid for the time he served on probation, the trial court subjected Kincaid to multiple punishments for the same offense. Accordingly, we reverse the trial court's order denying Kincaid's Motion to Correct Erroneous Sentence, and find that Kincaid should have received credit for the time he spent on probation prior to obtaining post-conviction relief. Further, because when properly credited his term of probation expired prior to his July 28, 2000 probation violation, we remand with instructions for the trial court to dismiss the State's Petition to Revoke. *See Slinkard v. State,* 625 N.E.2d 1282, 1284 (Ind.Ct.App.1993) (holding that where no violations occur during the original term of probation, in absence of misconduct in the hearing process or absconding from justice, the trial court may not revoke probation for events occurring after the original term of probation has expired).

Judgment reversed.

DARDEN, J., concurs.

MATHIAS, J., concurs with separate opinion.

MATHIAS, Judge, concurring.

I concur that, under the unique and extraordinary facts presented to the court in this case, it was error not to credit Kincaid with his probation time previously served on the same offenses. However, I write separately to emphasize my belief that the result appropriately reached with regard to Kincaid is not a holding that should support broad application and extrapolations throughout Indiana's criminal justice system.

The critical feature in this case is that Kincaid was not credited with his probation time served on exactly the same offenses to which he pled guilty a second time after the original convictions were overturned on a post-conviction relief petition. The State does not dispute that the two different pleas were based on the same offense. Had the prosecutor offered, and had Kincaid pled guilty after his PCR relief to any of the other charges, except the exact offenses which were subject to post-conviction relief, there would have been no need for the trial court to credit the probation time at issue. *See Kilpatrick v. State,* 746 N.E.2d 52, 59 (Ind.2001) (stating the double jeopardy clause only prohibits multiple punishments for the *same* offense).

Probation remains a privilege and a matter of grace discretionary with the trial court. *See Cox v. State,* 706 N.E.2d 547, 549 (Ind.1999); *Hubbard v. State,* 683 N.E.2d 618, 620 (Ind.Ct.App.1997). It is usually, and in this case, the result of an extraordinary effort by the trial court to fashion an equitable and rehabilitative sentence individualized to a particular criminal defendant. Probation is also often an attempt to give a defendant "a second chance" in that defendant's fight against alcohol or drug addiction. Probation allows the defendant to avoid incarceration and attempt to remain a productive part of society, rather than being removed from society with all of the attendant costs to the defendant, the defendant's family and to society at large. Here, after his first probation violation, the trial court tried to responsibly fashion a "third chance" for Kincaid.

What a trial court can never know is whether a defendant will later come to

probation after committing a probation violation in that judges should have confidence

that their own pleas will not be set aside in post-conviction proceedings.

believe that his or her original plea was legally involuntary. While I join in the sentiment of footnote 6, I am not as certain of it as I would like to be.

I am also concerned that defining probation broadly as punishment will lead to new extrapolation that pretrial release on bond, with or without restrictions such as electronic monitoring, is "punishment" that should somehow qualify for credit against a sentence ultimately imposed upon conviction. *See Molden v. State,* 750 N.E.2d 448, 451 (Ind.Ct.App.2001) (holding that pretrial time spent in electronic home detention need not be credited to sentenced time of incarceration). Similarly, if probation is "punishment," it is difficult to logically justify the sentencing procedure sanctioned in *Sutton v. State,* 562 N.E.2d 1310, 1314 (Ind.Ct.App.1990), which holds that presentence incarceration does not have to be credited to executed incarceration time that is made a condition of a probation sentence upon conviction. Above all, I am quite certain that we cannot foresee the final destination at the end of this new road.

For all of these reasons, I write in concurrence to emphasize what I believe to be the limited precedential value of Kincaid's unique facts and circumstances.