Terry R. KINCAID, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 06S01–0204–PC–258.

Supreme Court of Indiana.

Nov. 12, 2002.

Nicholas C. Deets, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**ON PETITION FOR TRANSFER**

BOEHM, Justice.

The Court of Appeals concluded that double jeopardy required that time served on probation must be credited toward a new sentence of probation imposed for the same conviction after a defendant successfully petitions for post-conviction relief. We agree. Kincaid's claim is also governed by Indiana Code section 35–50–1–5 and Post Conviction Rule 1(10), which require credit for time served by a successful post-conviction petitioner who is resentenced. However, because Kincaid did not appeal his sentence until after he violated the terms of his probation, the trial court did not commit reversible error by requiring him to serve out the remainder of his sentence.

**Factual and Procedural Background**

On September 16, 1997, Terry Kincaid entered into a plea agreement with the State under which he pleaded guilty to Operating While Intoxicated and Resisting Law Enforcement in exchange for the State's dropping charges of Escape, Attempted Theft, Criminal Mischief, and a violation of probation in another case. On September 22, 1997, the trial court sentenced Kincaid to consecutive one-year sentences, suspended them but for time served, and placed Kincaid on probation for two years. Kincaid's probationary period was extended an additional year on March 4, 1999, due to a violation.

On October 6, 1999, Kincaid filed a petition for post-conviction relief, arguing that his guilty pleas were not made knowingly or voluntarily. On February 3, 2000, after Kincaid had served 636 days on probation,[1] the post-conviction court granted Kincaid's petition and set aside his convictions. On February 17, 2000, Kincaid again pleaded

---

1. The calculation of Kincaid's probation time served may be found in the Court of Appeals' opinion. *Kincaid v. State,* 757 N.E.2d 713, 718 (Ind.Ct.App.2001).

guilty to Operating While Intoxicated and Resisting Law Enforcement, and received two years probation. However, the trial court did not credit Kincaid with the 636 days of probation he had already served before winning in the post-conviction court.[2]

On July 28, 2000, Kincaid violated his probation by again operating a vehicle while intoxicated, and the State filed a petition to revoke probation. Kincaid responded with a Motion to Correct Erroneous Sentence and to Dismiss Petition to Revoke, contending that the trial court improperly failed to credit his sentence with the 636 days he had served on probation under the original sentence. If those days had been credited, he argued, his second "two year" probationary term would have expired before the violation occurred. The trial court denied his motion.[3] Kincaid then filed a motion to reconsider, arguing that denying him credit for the 636 days violated the constitutional prohibition against double jeopardy. That motion also was denied. The trial court granted Kincaid leave to seek an interlocutory appeal, but the Court of Appeals denied Kincaid's petition to do so. After the trial court denied an amended Motion to Correct Erroneous Sentence and to Dismiss Petition to Revoke, Kincaid admitted violating his probation. The trial court ordered Kincaid to serve the remaining portion of his sentence, but stayed the order so that Kincaid might appeal that decision.

The Court of Appeals agreed with Kincaid's double jeopardy claim, holding that "Kincaid was subjected to multiple punishments for the same offense." *Kincaid v. State*, 757 N.E.2d 713, 718 (Ind.Ct.App. 2001). To hold otherwise, the court stated, "could have a chilling effect upon a defendant's decision to file a petition for post-conviction relief to set aside an illegal plea." *Id.* This Court granted the State's petition to transfer.

### Credit for Time on Probation

#### A. *Constitutional Grounds*

The State contends that the Court of Appeals' application of double jeopardy principles to Kincaid's case was erroneous, because "Indiana law provides that a defendant does not earn credit for time served while on probation." However, the case the State cites, *Via v. State*, 738 N.E.2d 684 (Ind.Ct.App.2000), is not dispositive. *Via* addressed the issue whether probation time must be credited when probation is revoked and the defendant ordered to serve out the same sentence.

 We agree that *Via* correctly held that a probation violation may result in an executed sentence for the full term. But Kincaid is not claiming that double jeopardy requires that a defendant who violates his probation and is ordered to complete his prison term is entitled to credit for the time spent on probation. That point is clearly settled against such a claim under double jeopardy principles, because the probation and prison time are both part of the same sentence. *See, e.g., Hall v. Bos-*

---

**2.** The trial court's new sentencing order and probation conditions make no mention of how, if at all, the court accounted for the days Kincaid already served on probation. The failure to mention those days raised the possibility that the court believed it was imposing a new probationary period of two years plus 636 days, giving credit to the 636 days Kincaid had served. However, the court's later order on Kincaid's motion to correct his sen-

tence makes clear that the days were not credited by the new sentence: "This Court is aware of no cases and does not believe that any Appellate Court would determine that probation is being referred to by the words 'credit for time served.'"

**3.** Neither Kincaid's motion nor the trial court's ruling is part of the record on appeal.

*tic,* 529 F.2d 990, 992 (4th Cir.1975). Rather, Kincaid's claim is that a defendant who succeeds in a post-conviction relief proceeding that vacates the initial sentence of probation, and who is given a new sentence of probation for the same crimes, is entitled to credit for the probation time already served.

■ Although the State concedes that probation is a form of criminal punishment, it contends that probation should not be considered punishment for double jeopardy purposes. However, the State cites no cases directly on point, and we agree with the several courts that have rejected this contention, "at least where the question is whether the probationer can be required to re-serve probation time already served." *Kennick v. Superior Court,* 736 F.2d 1277, 1281 (9th Cir.1983) (citing *United States v. Bynoe,* 562 F.2d 126, 128 (1st Cir.1977); *United States v. Teresi,* 484 F.2d 894, 899 (7th Cir.1973); *Oksanen v. United States,* 362 F.2d 74, 80 (8th Cir.1966); *United States v. Rosenstreich,* 204 F.2d 321 (2d Cir.1953)); *see also Commonwealth v. Walton,* 483 Pa. 588, 397 A.2d 1179, 1184 (1979) ("[A]n order placing a defendant on probation must be regarded as punishment for double-jeopardy purposes."). In *North Carolina v. Pearce,* 395 U.S. 711, 718–19, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the United States Supreme Court held that "the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." That was clearly the case here. Kincaid served 636 days of punishment (probation) for his first conviction, which was subsequently vacated, then served an additional term of punishment (probation) for a second conviction based on the very same offenses. Thus, the federal constitution requires that

Kincaid receive 636 days credit from the first sentence toward the second sentence.

■ This Court has held that voluntarily accepting the terms of a plea agreement results in the waiver of double jeopardy claims arising from the sentence imposed. *See Mapp v. State,* 770 N.E.2d 332, 334 (Ind.2002); *Games v. State,* 743 N.E.2d 1132, 1134–35 (Ind.2001). However, Mapp, Games, and the earlier cases upon which they rest do not address the present situation. Rather, they deal with sentences that ordinarily would violate double jeopardy principles—e.g., sentencing for two "facially duplicative" charges, *Mapp,* 770 N.E.2d at 334, or an offense and its factually lesser-included charge, *Games,* 743 N.E.2d at 1134–35—but are imposed as a result of a bargain specifically calling for conviction on both crimes. Such an agreement forecloses the risk of charges on other counts and typically provides an agreed or a maximum punishment. Acceptance of those benefits waives any double jeopardy objection to conviction for the agreed crimes. Here, there was no bargain on the part of Kincaid and the State to forego crediting the 636 days Kincaid already had served in exchange for some other consideration. In fact, it appears that the original sentence was simply reimposed without the effect of Kincaid's probation time being addressed by the parties or the trial court. The issue was not raised until Kincaid claimed he should not have remained on probation at the time of his latest OWI incident. Under these circumstances Kincaid cannot be said to have agreed in the plea agreement to forego his constitutional right to credit for time served.

B. *The Statutory Right to Credit for "Time Served"*

■ Kincaid's claim also raises issues under Indiana Code section 35–50–1–5 and

Post Conviction Rule 1(10). Section 35–50–1–5 states:

If:

(1) prosecution is initiated against a petitioner who has successfully sought relief under any proceeding for post-conviction remedy and a conviction is subsequently obtained; or

(2) a sentence has been set aside under a postconviction remedy and the successful petitioner is to be resentenced;

the sentencing court may impose a more severe penalty than that originally imposed, and the court *shall give credit* for time served.

(Emphasis added). Post Conviction Rule 1(10)(b) similarly states:

If a sentence has been set aside pursuant to this rule and the successful petitioner is to be resentenced, then the sentencing court shall not impose a more severe penalty than that originally imposed unless the court includes in the record of the sentencing hearing a statement of the court's reasons for selecting the sentence that it imposes ... and the court shall give credit for time served.

Kincaid's earlier sentence was set aside under a post-conviction remedy, and he was resentenced. Therefore, both the statute and rule apply.

■ The issue is whether time on probation is "time served" that must be credited when a successful post-conviction petitioner is again sentenced to probation for the same offense. Neither the statute nor the rule carves out an exception for time served on probation. And as the Court of Appeals pointed out, if no credit is given, petitioners like Kincaid who serve out a good portion of their sentence before the merit of their claim is decided would face longer punishment than those who forego the post-conviction relief process. This contravenes the principle on which the statute and rule are based: a successful petitioner should not be put in a worse position—in Kincaid's case, having to serve almost twice as much time on probation—than if he had not sought relief at all. Although both section 35–50–1–5 and Post Conviction Rule 1(10) permitted the trial court to impose a more severe sentence than two years probation the second time around, they did not give it the discretion to ignore the 636 days on probation Kincaid had already served.

C. *Kincaid's Failure to Challenge His Sentence Until After His Violation*

■ Kincaid presumably could have challenged this failure to give proper credit, but he had not done so by the time he committed the probation violation. Kincaid's argument is that his violation should be ignored because the sentence upon which the probation was predicated was erroneous. We disagree. The Fourth Circuit Court of Appeals' analysis in *United States v. Wright*, Nos. 94–6410, 95–6123, 1995 WL 378594, 1995 U.S.App. LEXIS 15839 (4th Cir. June 27, 1995) (unpublished), is instructive. Even though Kincaid's sentence was erroneous, Kincaid was not entitled to make that determination unilaterally and disregard the terms of his probation. Kincaid "had no more right to ignore the terms of his probation than he would have to escape from prison based on his own conclusion that he was wrongfully incarcerated. Self help is simply not a legal option for postconviction relief." *Id.*, 1995 WL 378594, at *5, 1995 U.S.App. LEXIS 15839, at *15. Kincaid remained on probation subject to the terms of his original sentence until adjudicated otherwise. Thus the trial court did not commit reversible error by requiring Kincaid to serve out the unexecuted portion of his sentence.

## Conclusion

Although Kincaid's new sentence should have credited him with the 636 days he already served on probation, no court had so ruled and Kincaid remained on probation at the time of his violation. Accordingly, the trial court's order to serve the remainder of his sentence is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and RUCKER, JJ., concur.