**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JERRY J. LUX**
Lux & Lux, P.A.
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROY DALE WEBER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 73A01-1401-CR-8 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable David N. Riggins, Judge
Cause No. 73D02-1305-FD-166

**January 20, 2015**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Roy Dale Weber (Weber), appeals the trial court's revocation of his probation.

We affirm.

ISSUE

Weber raises four issues on appeal, one of which we find dispositive and which we restate as: Whether the trial court properly concluded that Weber had violated the terms of his probation.

FACTS AND PROCEDURAL HISTORY

On November 4, 2013, Weber entered into a plea agreement with the State in which he pled guilty to intimidation, a Class D felony, in exchange for the trial court imposing 1095 days of incarceration, with 8 days of credit and the remainder suspended to probation. As one of the conditions of his probation, Weber had to "serve 365 days on House Arrest complying with all rules of the program including payment of any and all associated fees." (Appellant's App. p. 19). After informing Weber of the standard terms and conditions of probation, as well as the associated fees, the trial court allowed Weber to report to the Johnson County community corrections, his county of residence, instead of the Shelby County community corrections, the location of the charge. The trial court cautioned him:

> I don't care where you do [house arrest], all right? But if you're not on house arrest, I'll revoke your [] probation. [] So in other words, if Johnson County won't accept, you better move across the county line and find a place in Shelby County.

(Transcript p. 48). The sentencing order reflects that as a special term of probation, Weber must "successfully complete 365 days of Home Detention following all rules of that program and pay all associated fees directly to Johnson County [c]ommunity [c]orrections." (Appellant's App. p. 24). The trial court then set the matter for a status hearing on November 14, 2013.

Weber was absent at the status hearing on November 14, 2013 and an arrest warrant was issued and executed that same day. Weber appeared before the trial court on November 15, 2013. During the status hearing, Weber reported that he had attempted to enroll in Johnson County community corrections but had been refused acceptance into the home detention program. Weber explained that on the day he attempted to enroll he initially did not have sufficient money with him for the "start-up fees," however, he returned later that same day with the correct amount. (Tr. p. 56). Weber testified that the intake officer then refused to enroll him because she didn't anticipate him being able to pay the weekly fee and she didn't "like" his employment as a part-time independent scrapper. (Tr. p. 57). At the conclusion of the status hearing, the trial court ordered Weber "to jail" and set the matter for a probation revocation hearing. (Tr. p. 58).

On December 12, 2013, the trial court conducted a probation revocation hearing. Finding that Weber was not on home detention as ordered, the trial court concluded that he had violated the terms of his probation and imposed a sentence of 365 days at the Indiana Department of Correction.

Weber now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

3

Both probation and community corrections programs serve as alternatives to commitment to the Department of Correction and both are made at the sole discretion of the trial court. *Treece v. State*, 10 N.E.3d 52, 57 (Ind. Ct. App. 2014). A defendant is not entitled to serve a sentence in either a probation or a community corrections program; rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right. *Id.* The standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. *Id.* That is, a revocation of community corrections placement hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. *Id.*

Probation revocation is a two-step process. First, the court must make a factual determination that a violation of a condition of probation actually has occurred. *Treece*, 10 N.E.3d at 56. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id.*

At the plea hearing, Weber requested to be placed on home detention through community corrections in Johnson County, not through Shelby County—the location of the charge. Weber's counsel testified that he had contacted Johnson County, which had pre-approved Weber. This was confirmed by the intake officer's testimony during the probation revocation hearing. *See* I.C. § 35-38-2.5-5.5(a) (a court in one county may not place an offender who resides in another county on home detention in the other county where the offender resides until and unless the offender is eligible for home detention in his county of residence and supervision will be conducted by either . . . or community corrections program located in the offender's residence county). Weber now maintains

4

that because the Johnson County community corrections arbitrarily and illegally denied him enrollment in the home detention program as ordered by the trial court, the trial court improperly found him in violation of the terms of his probation. We find Weber's argument to be without merit.

During the plea hearing, the trial court, as a gesture of goodwill, allowed Weber to report to Johnson County community corrections. Nevertheless, the trial court warned him in very explicit terms that if Johnson County would not accept him, he had to find a place in Shelby County. Despite the trial court's specific pronouncement that he had to be on home detention either in Johnson County or Shelby County, Weber failed to comply with the order. Weber acknowledged that he was rejected by Johnson County community corrections, and despite the approval received from Shelby County community corrections that they would be willing to enroll Weber into an adult day reporting program, the trial court rejected this proposal because it did not fit the plea agreement's requirement of home detention. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Kincaid v. State*, 736 N.E.2d 1257, 1259 (Ind. Ct. App. 2000). Because Weber failed to enroll in a home detention program, the trial court properly found Weber in violation of the conditions of his probation.

## CONCLUSION

Based on the foregoing, we affirm the trial court's revocation of Weber's probation.

Affirmed.

5

MATHIAS, J. and CRONE, J. concur