## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 03 2016, 8:24 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Leanna Weissmann | Gregory F. Zoeller |
| Lawrenceburg, Indiana | Attorney General of Indiana |
| | Lyubov Gore |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremy McCool, | February 3, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 15A01-1506-CR-711 |
| v. | Appeal from the Dearborn Superior Court. |
| | The Honorable Jonathan N. Cleary, Judge. |
| State of Indiana, | Cause No. 15D01-0802-FA-1 |
| *Appellee-Plaintiff.* | |

**Barteau, Senior Judge**

## Statement of the Case

[1] Jeremy McCool appeals the trial court's imposition of the remainder of his previously suspended sentence following the revocation of his probation. We affirm.

## Issue

McCool presents one issue for our review, which we restate as: whether the trial court abused its discretion by ordering McCool to serve the remainder of his previously suspended sentence.

## Facts and Procedural History

On February 27, 2008, McCool was charged with Class B felony rape[1] and Class A felony burglary.[2] On January 7, 2009, pursuant to a plea agreement, McCool pleaded guilty to rape, and the State dismissed the burglary charge. The trial court subsequently sentenced McCool to twenty years with sixteen years suspended to probation. After serving the executed portion of his sentence, McCool was released to probation on or about February 23, 2010.

Thereafter, on August 10, 2010, the State filed a request for probation violation hearing alleging that McCool had violated his probation by committing additional criminal offenses, specifically harassment, a Class B misdemeanor, and intimidation of a law enforcement officer, a Class D felony. McCool admitted the violation, and the trial court ordered him to serve two years of his suspended sentence.

---

[1] Ind. Code § 35-42-4-1 (1998).

[2] Ind. Code § 35-43-2-1 (1999).

[5] On June 18, 2012, the State filed a second request for probation violation hearing. The State alleged that McCool had violated his probation by committing yet another criminal offense: driving while suspended, a Class A misdemeanor. McCool admitted the violation and was ordered to serve 180 days of his suspended sentence.

[6] The State filed a third request for probation violation hearing on September 6, 2013, alleging that McCool had violated his probation again by consuming an illegal or controlled substance without a valid prescription. The State based its allegation on McCool's August 28, 2013 drug screen in which he tested positive for Suboxone. McCool admitted the violation, and the trial court ordered him to serve two more years of his suspended sentence.

[7] Finally, on November 17, 2014, the State filed its fourth request for probation violation hearing alleging that McCool had violated his probation by possessing firearms and ammunition. McCool denied the allegations, and a fact-finding hearing was held on June 4, 2015. At the fact-finding hearing, both Kristy Alig, McCool's probation officer, and Major Prarat of the Dearborn County Sheriff's Department, testified on behalf of the State. They testified that on November 13, 2014, they went to McCool's residence for a probation home visit. While there, they found a rifle in a kitchen closet, and a shotgun, rifle, and ammunition in McCool's bedroom where the guns were "in [McCool's] bed under a cover." Tr. p. 22. McCool told Alig and Prarat the bedroom was his, and they found his mail in the room. Based on this incident, McCool was arrested and charged with unlawful possession of a firearm by a serious violent

felon, a Level 4 felony.[3] The charging information was admitted as an exhibit at the fact-finding hearing. Further evidence at the fact-finding hearing showed that during phone calls to his wife from jail, McCool admitted several times he was aware of the presence of the guns in the house, and, in one conversation, he said that if his fingerprints were found on the guns, the two would need to come up with a good story to explain their presence. In addition, he coached his wife on their story that she had the guns out to clean them because she was going hunting. McCool had previously been found guilty by a jury of the firearm possession offense, and the State introduced McCool's judgment of conviction as an exhibit at the fact-finding hearing.

[8] Based on this evidence, the trial court found McCool violated his probation, sentenced him to the remaining eleven and a half years of his previously suspended sentence, and terminated his probation. In doing so, the court considered McCool's three previous probation violations in this cause and his conviction of unlawful possession of a firearm by a serious violent felon, as well as his general criminal history.

# Discussion and Decision

[9] McCool contends the trial court abused its discretion when, upon revoking his probation, it ordered him to serve the remaining eleven and a half years of his previously suspended sentence. Specifically, he argues that his violation is one

---

[3] Ind. Code § 35-47-4-5 (2014).

of "inadvertence, not evil behavior" and that he has already faced enough punishment for the offense. Appellant's Br. p. 5.[4]

[10] At the time of McCool's violation, Indiana Code section 35-38-2-3(h) (2012) provided that if the court finds a violation of a condition of probation, it may: (1) continue the person on probation, with or without modifying the conditions, (2) extend the person's probationary period for not more than one year; and/or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. A trial court's sentencing decisions for probation violations are reviewed for an abuse of discretion. *Wilkerson v. State*, 918 N.E.2d 458, 464 (Ind. Ct. App. 2009). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

[11] As a benefit of the plea agreement McCool entered into in the rape case underlying this probation violation, he avoided prosecution on a felony burglary charge. McCool served his sentence for the rape, and then began to serve the sixteen year suspended portion of his sentence. Within six months of beginning his sixteen year probationary period, McCool had violated his

---

[4] McCool also argues that the nature of the offense and his character call for something less than an eleven and a half year sentence. However, the appellate evaluation of whether a trial court's sanctions are inappropriate in light of the nature of the offense and the character of the offender is not the correct standard to apply when reviewing a trial court's actions in a post-sentence probation violation proceeding. Because a sentence imposed upon a violation of probation is not a criminal sentence as contemplated by Appellate Rule 7(B), the review and revise remedy of Appellate Rule 7(B) is not available in an appeal of such a sentence. *Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008).

probation. This first violation was followed by three additional violations, all within approximately four years and one of which resulted in another felony conviction for McCool. Moreover, the felony conviction for possession of firearms was issued by a jury of McCool's peers who were sworn to determine his guilt beyond a reasonable doubt, a much greater burden of proof than the preponderance of the evidence standard of probation violations. *See Kincaid v. State*, 736 N.E.2d 1257, 1259 (Ind. Ct. App. 2000) (probation revocation hearing is in nature of civil proceeding so violation need only be proven by preponderance of evidence); *see also* Ind. Code § 35-38-2-3(f). In addition, McCool's conversations with his wife of his awareness of the presence of the guns and his devising of stories with regard to why the guns were there and why they contained his fingerprints belie his claim that this was an "inadvertent act."

[12] In arguing that he has been punished enough for this offense, McCool refers to his sentence of twelve years for the firearms conviction itself and to his sentences totaling one and a half years for the revocation of his probation in two other matters due to the firearms conviction. Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment. *Bratcher v. State*, 999 N.E.2d 864, 873 (Ind. Ct. App. 2013), *trans. denied*. These restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community. *Jones v. State*, 838 N.E.2d 1146, 1148 (Ind. Ct. App. 2005). McCool, of his own accord,

committed numerous offenses and, when facing punishment for his illegal actions, accepted probation and agreed to limitations on his behavior in lieu of jail time. However, he has repeatedly demonstrated his unwillingness to comply with the conditions of his probation and to conform his behavior in order to lead a law-abiding life, even when under court order to do so. Further, he failed to take advantage of the opportunity to change his behavior when the court afforded him leniency in his initial transgressions. Moreover, considering the number and serious nature of McCool's violations within the first four years of his sixteen-year probation period, we find nothing to suggest that he will comply with his probation conditions in the future.

## Conclusion

For the reasons stated, we conclude that the trial court properly exercised its discretion in ordering McCool to serve the remaining eleven and a half years of his previously suspended sentence upon the revocation of his probation in this matter.

Affirmed.

Bailey, J., and Crone, J., concur.