Timothy E. STROWMATT,
Appellant–Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 71A05–0201–PC–25.

Court of Appeals of Indiana.

Dec. 17, 2002.

Timothy E. Strowmatt, Bunker Hill, IN, Appellant, pro se.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Timothy Strowmatt (Strowmatt), appeals the denial of his Petition for Post–Conviction Relief and Motion to Correct Erroneous Sentence.[1]

We affirm.

### ISSUES

Strowmatt raises two issues on appeal, which we consolidate and restate as follows:

1. Whether the post-conviction court properly denied his Petition for Post–Conviction Relief.

2. Whether the post-conviction court properly denied his Motion to Correct Erroneous Sentence.

### FACTS AND PROCEDURAL HISTORY

On June 2, 1994, the State filed an information against Strowmatt charging him with Count I, child molestation, a Class B felony, Ind.Code § 35–33–7–5. We adopt this court's statement of facts as set forth in *Strowmatt v. State*, 686 N.E.2d 154, 156 (Ind.Ct.App.1997).

On May 20, 1994, Strowmatt parked his small white car in an alley and approached six-year-old M.G. who was playing in her backyard with her brother. Strowmatt asked M.G. if she had seen a black dog and asked her to come with him. M.G. followed Strowmatt behind a privacy fence, where he told M.G. to "turn around and don't tell." Strowmatt then inserted his finger into M.G.'s rectum.

Thereafter, M.G. was relating the incident to her friends when the father of one of her friends, Ronald Duckworth, overheard the children talking about a "penis." When a boy started to explain, M.G. ran back home. Duckworth then went to M.G.'s home where he told M.G.'s mother about the incident. M.G.'s mother questioned M.G. about the incident. She then took M.G. to the hospital.

At the hospital, M.G. gave a description of Strowmatt to Sergeant James B. Campbell of the South Bend Police Department. The sergeant showed M.G. an array of five photographs. M.G. hesitated and showed concern when she viewed a photograph of Strowmatt. On

1. We note that Strowmatt is representing himself *pro se.*

June 1, 1994, Sergeant Campbell conducted a lineup in which M.G. identified Strowmatt as the person in the alley who had molested her.

On June 2, 1994, the State charged Strowmatt with child molesting. A jury convicted Strowmatt as charged.

Subsequently, Strowmatt was sentenced to a period of incarceration for twenty years. The trial court suspended ten years of the twenty-year sentence, imposed a term of ten years probation, and ordered the term of probation to be executed as a condition of probation.

On November 24, 1997, Strowmatt filed his Petition for Post–Conviction Relief raising issues (a) through (n).[2] On December 17, 1997, the State filed its answer. On March 30, 1998, Strowmatt filed a Motion for Change of Venue from the Judge, a Motion to Set Hearing and Produce Petitioner, a Request for Issuance of Subpoenas, and Brief in Support of Petition for Post–Conviction Relief. Thereafter, on April 2, 1998, the post-conviction court entered an Order denying Strowmatt's motions and deferred setting a hearing date on the Petition for Post–Conviction Relief.

On April 3, 1998, the post-conviction court entered its Findings and Order on Petition for Post–Conviction Relief. Specifically, the post-conviction court found that claims (a) through (h) of the Petition were decided on direct appeal adversely to Strowmatt, and thus were barred by *res judicata*. Further, the trial court's findings state in pertinent part:

[Strowmatt's] arguments (i) through (*l*) allege various errors and improprieties: improperly admitted trial testimony (i); false reports (j); and denial of psychological evaluation prior to sentencing (k). These arguments each claim that specific wrongs occurred without, however, specifying what those wrongs each are, and where in the record they are to be found. The Court, therefore, will order that [Strowmatt] state with specific detail what each of these asserted error[s] and wrongs was, and where in the record the error is to be found. Additionally, for each error that [Strowmatt] finds supported by the record, he is to state how that error constituted fundamental error which gravely affected the result that occurred in the trial or in the sentencing.

(Appellant's Appendix p. 108). Additionally, the post-conviction court found that claims (m) and (n) were claims of ineffective assistance of appellate counsel and would depend on Strowmatt's response to the post-conviction court's request for clarification on claims (i) through (*l*). Thus, the post-conviction court deferred action on these claims until Strowmatt complied with its order on claims (i) through (*l*). The post-conviction court gave Strowmatt until May 15, 1998 to supplement his Petition consistent with its Order.

On April 21, 1998, Strowmatt filed a Motion for Relief from Judgment as to the post-conviction court's April 2 and April 3, 1998 Orders. On the same date, the post-conviction court, noting that Strowmatt was given a continuance to supplement his

---

**2.** The general summary of the arguments (a) through (n) are as follows: (a) Improper entry of 404(b) or 609 Information; (b) Denial of Representation (pre-trial/trial); (c) Illegal Arrest; (d) Denial of Continuance of Trial; (e) Court Interference; (f) Prosecutor Misconduct; (g) Failure to Hold Independent Hearing on Probation Revocation case; (h) Denial of Representation Due to Court's Action; (i) Denial of Effective Assistance of Counsel—Request to Withdraw—Conflict of Interest; (j) False Information Contained in Pre Trial Discovery; (k) Denied Outside Evaluation; (*l*) Solicitation of Testimony (Ind. Evidence Rule 403); (m) Denial of Effective Assistance of Appellate Counsel; (n) Denial of Counsel at All Critical Stages.

Petition for Post–Conviction Relief, held the Motion for Relief from Judgment in abeyance until the post-conviction court was able to rule on the Petition in full. Additionally, the post-conviction court extended Strowmatt's time, to and including June 15, 1998, to supplement his Petition.

On May 20, June 1, and June 29, 1998, the post-conviction court received letters from Strowmatt, which, *inter alia*, informed the post-conviction court that he had not received a copy of the transcript record from the State Public Defender, and requested an evidentiary hearing and issuance of subpoenas. On August 3, 1998, the post-conviction court received a letter from Strowmatt dated July 7, 1998, and a Petition for Reduction of Sentence under I.C. § 35–38–1–23. Additionally, Strowmatt sent materials in support of his Petition, including academic records and various letters.

On August 3, 1998, the post-conviction court received a letter from Strowmatt dated July 15, 1998, indicating that he had received a copy of his transcript record from the State Public Defender on July 13, 1998, and requesting the Court to grant him another extension to file supporting evidentiary materials from the transcript to support his post-conviction relief claims, as ordered in the post-conviction court's Order filed April 3, 1998. Further, Strowmatt included a Motion to Set an Evidentiary Hearing on these matters and requested that a Transportation Order be entered for the hearing.

On November 30, 1998, the post-conviction court entered its Findings and Order on Defendant's Pending Motions. Specifically, the post-conviction court denied Strowmatt's Petition to Reduce Sentence and granted Strowmatt another extension of time to comply with its April 3, 1998 Order.

On October 16, 2001, the post-conviction court entered its Additional Findings and Order on P.C.R. Petition. The post-conviction court found that Strowmatt failed to comply with its Order of April 3, 1998, requesting Strowmatt to supplement claims (i) through (*l*) with specific allegations and citations to the record to support his Petition. Further, the post-conviction court found that claims (*o*) and (p)[3], which Strowmatt added by Motion to Supplement the Petition for Post–Conviction Relief, were also barred by *res judicata*. As a result, the post-conviction court denied the Petition for Post–Conviction Relief in all respects.

On October 26, 2001, Strowmatt filed a Motion to Correct Erroneous Sentence alleging the impropriety of the imposition of the executed term as a condition of probation. On November 2, 2001, the post-conviction court denied this motion.

On November 16, 2001, Strowmatt filed his untimely Notice of Appeal from the denial of the Petition for Post–Conviction Relief. Thereafter, on November 26, 2001, Strowmatt filed his timely Notice of Appeal from the denial of the Motion to Correct Erroneous Sentence.

On April 8, 2002, the Indiana Court of Appeals ordered that the appeal of the denial of the Petition for Post–Conviction Relief and the appeal of the denial of the Motion to Correct Erroneous Sentence be consolidated into one appeal.

This appeal followed. Additional facts will be supplied as necessary.

## DISCUSSION AND DECISION

### I. Post Conviction Relief Standard of Review

Under the rules of post-conviction relief, the petitioner must establish the grounds

---

**3.** The general summary of arguments (*o*) and (p) are: Improper Identification at Trial (*o*); and Denial of Counsel at Critical Identification Stage (p).

for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *Barker v. State,* 622 N.E.2d 1336, 1337 (Ind.Ct.App.1993), *trans. denied.* To succeed on appeal from the denial of relief, the post-conviction petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Spranger v. State,* 650 N.E.2d 1117, 1119 (Ind.1995), *reh'g. denied.*

■ The purpose of post-conviction relief is not to provide a substitute for direct appeal, but to provide a means for raising issues not known or available to the defendant at the time of the original appeal. *McBride v. State,* 595 N.E.2d 260, 262 (Ind.Ct.App.1992), *trans. denied.* If an issue was available on direct appeal but not litigated, it is waived. *Id.*

■ Strowmatt contends that the post-conviction court erred in denying his Petition for Post–Conviction Relief. Specifically, Strowmatt argues that the post-conviction court violated his constitutional rights by failing to rule upon issues of ineffective assistance of trial and appellate counsel and the issues added to his Petition for Post–Conviction Relief as a result of the dismissal of the Habeas Corpus Petition. However, the State argues, and we agree, that this court does not have jurisdiction to decide the allegations of error raised by the Petition for Post–Conviction Relief, due to the untimely filing of Strowmatt's Notice of Appeal.

Ind. Appellate Rule 9, states in pertinent part:

A party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment. However, if any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion.

In the present case, the post-conviction court denied the Petition for Post–Conviction Relief on Tuesday, October 16, 2001. (App. 20–30). Thus, the Notice of Appeal from the denial of the Petition for Post–Conviction Relief was due on or before November 15, 2001. However, Strowmatt filed his Notice of Appeal from the denial of the Petition for Post–Conviction Relief on Friday, November 16, 2001, which was after the deadline passed. Our supreme court has previously held that this court lacks subject matter jurisdiction over appeals other than direct appeals, unless such appeals or petitions are timely brought. *See Davis v. State,* 771 N.E.2d 647, 649 (Ind.2002); *See also* App. R. 9. Therefore, because we find that the Notice of Appeal was not timely filed, and as such Strowmatt forfeited his right to appeal, this court lacks subject matter jurisdiction to determine the issues that Strowmatt raises from the denial of his Petition for Post–Conviction Relief. *See Id.*

## II. *Motion to Correct Erroneous Sentence*

■ Next, Strowmatt argues that the trial court erred in denying his Motion to Correct Erroneous Sentence. In *Mitchell v. State,* 726 N.E.2d 1228, 1243 (Ind.2000), *reh'g. denied,* our supreme court held that "a motion to correct erroneous sentence is appropriate where the sentence is erroneous on its face and that facial error occurs when the sentence violates express statutory authority." Additionally, our supreme court held that a "trial court's ruling upon a motion to correct sentence is subject to appeal by normal appellate procedures. While this Court will defer to the trial court's factual finding, reviewing only for abuse of discretion, we will review a trial court's legal conclusions under a *de novo* standard of review." *Id.* (citation

omitted). Moreover, this court held that a "sentencing error may be raised for the first time on appeal. Courts have a duty to correct an erroneously imposed sentence." *Senn v. State*, 766 N.E.2d 1190, 1194 (Ind.Ct.App.2002) (quoting *Watkins v. State*, 588 N.E.2d 1342, 1344 (Ind.Ct. App.1992)).

Strowmatt was sentenced to twenty years upon conviction of child molesting, a class B felony. However, the trial court suspended ten years of the twenty-year sentence, imposed a term of ten years probation, and then ordered the term of probation to be served imprisoned as a condition of probation. In the instant case, Strowmatt argues that because the portion of the sentence of imprisonment as a condition of probation is not served consecutive or intermittent to another portion of the probationary period, the trial court's sentencing judgment exceeds statutory authority. Additionally, Strowmatt asserts that he was not advised, orally or in writing, of his conditions of probation.

▆▆▆ In reviewing the validity of the probation conditions, we note that trial courts possess discretionary power to determine a sentence "within statutorily prescribed parameters." *Freije v. State*, 699 N.E.2d 720, 721 (Ind.Ct.App.1998) (quoting *Gordy v. State*, 674 N.E.2d 190, 191 (Ind. Ct.App.1996)). A court's sentencing power includes the statutory discretion to order probation and set out its terms. *Id.* Trial courts are accorded broad discretion in establishing conditions of probation. *Id.* Probation is a matter of grace and a conditional liberty that is a favor, not a right. *Kincaid v. State*, 736 N.E.2d 1257, 1259 (Ind.Ct.App.2000). Ultimately, the decision whether to grant probation and to determine the conditions of probation are matters within the sound discretion of the trial court. *Id.* Therefore, a probation order will be set aside on appeal "only

upon a showing that the trial court abused its discretion." *See Freije*, 699 N.E.2d at 721 (quoting *Reinbold v. State*, 555 N.E.2d 463, 471 (1990), *overruled on other grounds*, *Wright v. State*, 658 N.E.2d 563, 570 (1995)).

In the present case, the trial court sentenced Strowmatt according to I.C. § 35–38–2–2.3 which provides, in pertinent part, that:

> (c) As a condition of probation, the court may also require that the person serve a term of imprisonment in an appropriate facility at whatever time or intervals (consecutive or intermittent) within the period of probation the court determines.

This statute authorizes either intermittent or consecutive imprisonment as a condition of probation. *McVey v. State*, 438 N.E.2d 770, 773–74 (Ind.Ct.App.1982). We have previously determined that a trial court may suspend a sentence, place a defendant on probation and then order, as a condition of probation, the defendant to serve a consecutive period of imprisonment. *Id.*

Here, the trial court stated that it was imposing imprisonment as a condition of probation for the opportunity of treatment that could possibly be available by the time the term of probation arrived. However, the trial court stated that until the proper treatment was available, society needed to be protected. Thus, Strowmatt was sentenced to incarceration for the entire ten-year term of probation. Although Strowmatt asserts that there must be a suspended portion of the sentence for probation to attach, either consecutive or intermittent, we do not agree.

▆▆▆ The trial court is not limited to the term that may be executed as long as it does not exceed the term of probation. *See Sutton v. State*, 562 N.E.2d 1310, 1313 (Ind.Ct.App.1990). The statute clearly

states that the trial court "may" impose conditions of probation at "whatever time or intervals" it deems appropriate, meaning that the terms imposed are discretionary to the trial court. *See* I.C. § 35–38–2–2; *See also, Kincaid,* 736 N.E.2d at 1259 (finding that the authority to fix a sentence within statutorily prescribed parameters is a discretionary power vested in the trial court.) Since the trial court's sentencing order is authorized by statute and does not exceed the term of probation, we find that the trial court properly sentenced Strowmatt. *See Freije,* 699 N.E.2d at 721; *See also Sutton,* 562 N.E.2d at 1313. Therefore, the post-conviction court properly denied the Motion to Correct Erroneous Sentence. *See Mitchell,* 726 N.E.2d at 1243.

■ Moreover, we find that Strowmatt's argument that the trial court erred in that he was not advised, orally or in writing, of the conditions of his probation, is without merit. Not only did the trial court orally state at the sentencing hearing the sole condition of probation, which was that Strowmatt serve an executed term as a condition of probation, the trial

court additionally stated the reason why imprisonment as the condition of probation is ordered.[4] Therefore, we find that Strowmatt was orally advised of the conditions of his probation and there is no error as to this issue. *See Mitchell,* 726 N.E.2d at 1243.

## CONCLUSION

Based on the foregoing, we conclude that the post-conviction court properly denied Strowmatt's Petition for Post–Conviction Relief and the trial court properly denied Strowmatt's Motion to Correct Erroneous Sentence.

Affirmed.

MATTINGLY–MAY, J., and ROBB, J., concur.

---

4. In its sentencing order, the trial court specifically states that the reason for ordering the ten years served as a condition of probation is to allow for the development of more treatment for Strowmatt by the time the probation period starts. Although the trial court stated that an earlier release was not precluded, until some kind of treatment program and remediation program is available, the court is not assured that an earlier release of Strowmatt is fair to society. (Appellant's App. p. 55).