DAVID L. BEALMEAR, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 84A01-0604-CR-140
Court of Appeals of Indiana.
December 15, 2006.
JOHN A. KESLER, II, Terre Haute, Indiana, ATTORNEYFOR APPELLANT.
STEVE CARTER, Attorney General of Indiana, CYNTHIA L. PLOUGHE, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
MATHIAS, Judge.
David Bealmear's probation was revoked in Vigo Superior Court and he was ordered to serve his previously suspended four-year sentence. Bealmear appeals and argues that the trial court abused its discretion when it ordered him to serve the entire four-year sentence. Concluding that the trial court acted within its discretion in imposing the four-year sentence, we affirm.

Facts and Procedural History
In 2001, Bealmear was charged with Class A felony dealing in methamphetamine, Class D felony possession of chemical reagents, Class D felony possession of marijuana and Class A misdemeanor possession of marijuana. An amended information was later filed, and the Class A felony dealing in methamphetamine count was reduced to a Class B felony. Bealmear pleaded guilty to Class B felony dealing in methamphetamine and the remaining counts were dismissed. Bealmear was ordered to serve a ten-year sentence, with six years executed and four years suspended to probation.
Bealmear's probationary period began on March 17, 2004. On December 20, 2005, a notice of probation violation was filed which alleged that Bealmear had failed a drug screen by testing positive for amphetamines and methamphetamine. A warrant was issued for Bealmear's arrest after he failed to appear for a hearing on January 17, 2006. Bealmear eventually appeared in court, and a probation revocation hearing was held on March 16, 2006. At the hearing, Bealmear admitted that he relapsed and that people offered him "stuff" and he "gave into it." Tr. pp. 34-35. The court found that Bealmear had violated his probation and ordered him to serve his previously suspended four-year sentence.[1] The court also recommended that Bealmear receive addiction treatment while incarcerated in the Department of Correction. Bealmear now appeals. Additional facts will be provided as necessary.

Standard of Review
A probation revocation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. Cox v. State, 706 N.E.2d 547, 551 (Ind. 1999). A trial court's decision to revoke probation and its subsequent sentencing decision are reviewed for an abuse of discretion. Sanders v. State, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), trans. denied. Proof of a single probation violation is sufficient to support a decision to revoke probation. Bussberg v. State, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), trans. denied.

Discussion and Decision
Bealmear argues that the trial court abused its discretion when it ordered him to serve his previously suspended four-year sentence because he admitted he made a mistake, acknowledged his relapse, and accepted responsibility for his actions. Specifically, Bealmear asserts that the maximum possible penalty was excessive because he "is crying out for [drug] treatment and the Court should have given him one more chance[.]" Br. of Appellant at 10.
"Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." Brabandt v. State, 797 N.E.2d 855, 860 (Ind. Ct. App. 2003). As we have noted on numerous occasions, a defendant is not entitled to serve a sentence in a probation program; rather, such placement is a "matter of grace" and a "conditional liberty that is a favor, not a right." Id.; Strowmatt v. State, 779 N.E.2d 971, 976 (Ind. Ct. App. 2002); see also Cox, 706 N.E.2d at 549.
Pursuant to Indiana Code section 35-38-2-3(g), after finding that a person has violated a condition of his probation, the trial court may:
(1) continue the person on probation, with or without modifying or enlarging the conditions;
(2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or
(3) order execution of all or part of the sentence that was suspended at the time of initial sentencing.
Ind. Code § 35-38-2-3(g) (2004 & Supp. 2006). "[U]ltimately it is the trial court's discretion as to what sanction to impose under [this] statute."[2] Abernathy v. State, 852 N.E.2d 1016, 1022 (Ind. Ct. App. 2006).
Bealmear failed a drug screen by testing positive for amphetamines and methamphetamine. In addition, he failed to appear for a hearing in this cause and a warrant was issued for his arrest. During his probation revocation hearing, he admitted to drug use. The trial court also noted that Bealmear committed another offense[3] while on probation for which he received an executed sentence of 178 days. Tr. p. 40. In ordering Bealmear to serve the entirety of his previously suspended four-year sentence, the trial court stated, "I think the Court's given you . . . as much opportunity as the Court can outside, and you've not taken advantage of it. You continue to use, and failed to appear in Court." Tr. p. 41. Under these facts and circumstances, we conclude the trial court acted well within its discretion when it ordered Bealmear to serve his previously suspended four-year sentence.
Affirmed.
KIRSCH, C. J., and SHARPNACK, J., concur.
NOTES
[1] The court ordered Bealmear to serve this sentence consecutively to a sentence imposed in another cause.
[2] Our court has specifically rejected the argument that probation revocation sentences should be reviewed under Indiana Appellate Rule 7(B), and we continue to review the reasonableness of such sentences for an abuse of discretion. See Sanders, 825 N.E.2d at 957.
[3] It appears the offense was operating while intoxicated. Tr. p. 41.