Don **HARLEY,** Appellant–Petitioner,

v.

**STATE of Indiana,** Appellee–Respondent.

No. 20A03–1012–PC–630.

Court of Appeals of Indiana.

July 29, 2011.

Susan K. Carpenter, Public Defender of Indiana, Stephen T. Owens, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Petitioner, Don S. Harley (Harley), appeals the post-conviction court's denial of his petition for post-conviction relief of his conviction for non-support of a dependent child, a Class C felony, Ind.Code § 35–46–1–5.

We reverse and remand for a new trial.

### ISSUE

Harley raises one issue on appeal, which we restate as follows: Whether Harley's trial counsel was ineffective when she failed to inform the trial court that Harley's only income consisted of Supplemental Security Income (SSI).

### FACTS AND PROCEDURAL HISTORY

Harley was born in 1960 and was diagnosed with paranoid schizophrenia as a teenager. At the age of fourteen, he started receiving SSI income through his father. Harley applied for and began receiving SSI benefits in his own name in 1986. He subsequently married and on June 2, 1994, his child was born. In 1995, while Harley was in prison, the marriage was dissolved and the trial court issued a child support order requiring Harley to pay support for his dependent child. Harley was incarcerated from 1995 to 1999 and did not receive SSI benefits. When he was released from prison, he again received benefits.

Between 1999 and 2006, Harley unsuccessfully attempted to find employment. He estimated that he worked approximately eight days during this time period, claiming that his disability makes keeping employment difficult. He made no child support payments and accrued an arrearage in excess of $15,000.00.

On January 11, 2006, the State filed an Information charging Harley with non-support of a dependent child, a Class C felony, I.C. § 35–46–1–5(a). On June 12, 2006, Harley filed documents establishing that he was receiving SSI benefits and on June 28, 2006, his counsel filed her appearance. Approximately a month later, on July 26, 2006, Harley entered into a guilty plea with the State and was sentenced to eight years of incarceration.

On June 29, 2007, Harley filed a petition for post-conviction relief, which was subsequently amended. On October 25, 2010, the post-conviction court held a hearing on Harley's petition and on November 5, 2010, the court denied Harley's request for post-conviction relief.

Harley now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Standard of Review

■ Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *Strowmatt v. State*, 779 N.E.2d 971, 974–75 (Ind.Ct.App.2002). To succeed on appeal from the denial of relief, the post-conviction petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* at 975. In other words, the defendant must convince this court that there is no way within the law that the court below could have reached the decision it did. *Stevens v. State*, 770 N.E.2d 739, 745 (Ind.2002). We do not defer to the post-conviction court's legal conclusions, but do accept its factual findings unless they are clearly erroneous. *Id.* The purpose of post-conviction relief is not to provide a substitute for direct appeal, but to provide a means for raising issues not known or available to the defendant at the time of the original appeal. *Strowmatt*, 779 N.E.2d at 975. If an issue was available on direct appeal but not litigated, it is waived. *Id.*

### II. Ineffectiveness of Counsel

Harley contends that his trial counsel rendered ineffective assistance. Specifically, he claims that his trial counsel's conduct was defective when she failed to inform him that he had a possible defense to the crime of failure to pay child support. SSI is a federal social welfare program and is specifically excluded from a parent's income for the purpose of computing child support under Indiana Child Support Guideline 3.A.1. As such, Harley maintains that because his entire income derives from SSI benefits he has a defense that he was unable to pay child support.

A defendant claiming a violation of the right to effective assistance of counsel must establish the two components set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's performance was deficient. *Id.* at 687, 104 S.Ct. 2052. This requires a showing that counsel's representation fell below an objective standard of reasonableness, and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed the defendant by the Sixth Amendment. *Id.* Second, the defendant must show that the deficient performance prejudiced the defense. *Id.* To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Counsel is afforded considerable discretion in choosing strategy and tactics and we will accord those decisions deference. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind.2001), *reh'g denied, cert. denied*, 537 U.S. 839, 123 S.Ct. 162, 154 L.Ed.2d 61 (2002). A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* The *Strickland* Court recognized that even the finest, most experienced criminal defense attorneys may not agree on the ideal strategy or the most effective way to represent a client. *Id.* Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. *Id.* The two prongs of the *Strickland* test are separate and independent inquiries. *Id.* Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient

prejudice ... that course should be followed." *Id.* (quoting *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052).

At the post-conviction hearing, Harley's trial counsel testified that she did not recall whether she knew Harley was receiving SSI benefits during the time of her representation. She clarified however that she believed that "he sent me a letter to that effect." (Transcript p. 8). She stated that she did not have a notation in her file alerting her to the SSI benefits, but based on Harley's note she believes that she "probably discussed it." (Tr. p. 8). Also, as is her practice in non-support cases, she obtained a copy of the chronological case summary in Harley's divorce case in order to familiarize herself with the case. Harley's trial counsel testified that her normal procedure when dealing with clients receiving SSI benefits is to inform them that they "need actual proof[.]" (Tr. p. 9). Trial counsel did not recall telling Harley that he had a defense to the non-support charge based on his receipt of SSI benefits because she did not realize he was receiving them. Trial counsel told the post-conviction court that she only later found out that documentation had been filed with the court, but she had never received it.

■ Also during the post-conviction hearing, Harley testified that his trial counsel failed to inform him of the existence of a possible defense. He claimed that if he had known this, he would not have pled guilty. When questioned, Harley stated that he had not told trial counsel that he received SSI benefits because he did not think it necessary. Also, he testified, without any objection, that his attorney told him that "all the prosecutor would have to prove was that I didn't pay support and that makes me guilty." (Tr. p. 13).

First, we note the State's disingenuous claim that this is all Harley's fault as "he did not inform [his trial counsel] that his only income was SSI." (Appellee's Br. p. 8). Harley's counsel should have performed a thorough investigation of all the facts of the case and should not rely on the client to advise an attorney of specific defenses. Furthermore, pursuant to the evidence in the record, Harley's trial counsel acknowledged that based on her file, she was aware that Harley was receiving SSI benefits. Not only did she testify that she remembered receiving Harley's letter notifying her of his SSI benefits, but she also admitted to probably having discussed it with her client. In addition, she was familiar with the divorce proceedings which undoubtedly contained information about Harley's income as he was ordered to pay child support. Although she was aware of Harley's disability and receipt of SSI, she made no effort to verify or confirm this status in preparation of a legal and statutory defense on his behalf. As such, we find Harley's trial counsel's performance deficient.

Because Harley pled guilty as a result of his trial counsel's deficient performance, we are no longer confident that, when presented with a legal and statutory defense, the fact finder would reach the same result. Pursuant to I.C. § 35-46-1-5, the State has to prove more than just the fact that "he did not *pay* support" in order to get Harley convicted. (Tr. p. 13). Rather, the State must establish that Harley knowingly or intentionally failed to *provide* support to his minor child. *See* I.C. § 35-46-1-5. In addition, the statute enumerates as a possible defense that "[i]t is a defense that the accused person was unable to provide support." *See* I.C. § 35-46-1-5(d).

Based on the record before us, we conclude that trial counsel failed to provide effective assistance of counsel to Harley during the proceedings on his charge of

non-support of a dependent. As such, we reverse the post-conviction court's order and remand for a new trial.

### CONCLUSION

Based on the foregoing, we conclude that the Harley's trial counsel was ineffective.

Reversed and remanded for new trial.

DARDEN, J. concurs and BARNES, J. concurs in result.