**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jul 16 2013, 7:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KENNETH HORTON,              )
                            )
    Appellant-Defendant,     )
                            )
       vs.               )    No. 49A02-1212-CR-1036
                            )
STATE OF INDIANA,            )
                            )
    Appellee-Plaintiff.      )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-0710-FA-210335

**July 16, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Kenneth Horton ("Horton") appeals the trial court's order revoking his probation and imposing the suspended portion of his sentence for a Class B felony rape conviction. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On October 15, 2008, Horton pleaded guilty to an amended charge of rape[1] as a Class B felony, in exchange for the State dismissing charges of criminal confinement[2] as a Class B felony and strangulation[3] as a Class D felony.[4] Pursuant to the terms of the plea agreement, Horton was sentenced to eighteen years, of which twelve years were ordered executed at the Department of Correction ("DOC"), and six years were suspended to probation.

After being released from the DOC, Horton was allowed to live at the Amnesty Oasis Center, which helps the homeless with stability and addiction issues. Five months later, the State filed a Notice of Probation Violation citing the following events. On October 19, 2012, Horton failed to report to his probation officer and failed to provide his required urine drug test. *Appellant's App.* at 161. Horton's October 23, 2012 drug screen tested positive for cocaine. *Id.* The probation officer called Horton to report the results. Although Horton denied any drug use, he admitted that he had been in a room with other people who were using cocaine and that he drove with friends to purchase cocaine. *Id.*

---

[1] *See* Ind. Code § 35-42-4-1.

[2] *See* Ind. Code § 35-42-3-3.

[3] See Ind. Code § 35-42-2-9.

[4] Horton's original information charged the rape count as a Class A felony on the basis that Horton was "armed with a deadly weapon," *i.e.*, a hammer. *Appellant's App.* at 39.

The probation officer ordered Horton to submit to another test on October 25, 2012, but Horton said that the test would likely be positive again. *Id*. Horton failed to submit the second drug test.

The Notice of Probation Violation was filed on October 26, 2012. On that same date, Horton left four voicemail messages with his probation officer in which he advised: (1) he did not have money for the drug test; (2) he had "made a mistake out of depression and cannot go back to prison"; (3) he would try to place himself into a psychiatric ward, but refuses to go back to prison; and (4) he would kill himself. *Id*. at 162. The probation officer alerted the trial court regarding her concern about Horton because he identified cocaine use as a trigger to reoffend, and the officer was unsure of Horton's actions in light of his suicidal thoughts and failed drug test. *Id*. The probation officer reported that, around that same time, Horton was attending Substance Abuse Treatment and Sex Offender Treatment with Broad Ripple Counseling Center, he was current with the Sex Offender Registry, and he owed $2,960.00 in fees but had only paid $100.00. *Id*.

During his probation revocation hearing, Horton admitted that: (1) he failed to submit a urine test as requested on October 19 and October 25, 2012; (2) he had submitted a urine drug screen on October 23, 2012 that tested positive for the presence of cocaine; and (3) he failed to report to probation as ordered. *Tr*. at 3-4. As background, Horton told the court that he previously took medication for Bipolar II disorder, was depressed, had lost his job, was behind on paying his probation fees, had dropped out of Ivy Tech, and was living with his fiancée. *Id*. at 4-5, 7.

The State noted that Horton's underlying offense "involve[d] cocaine," and that

"[i]t's also been identified that a major trigger for Mr. Horton to reoffend is cocaine." *Id.* at 6. At the close of the hearing, the trial court stated:

> I'm sympathetic to the issues, but I've reviewed the pre-sentence report and I'm familiar as well with the Defendant's background. Cocaine is – been a problem for the Defendant over the years and is a trigger for a lot of his criminal behavior and background and I'm unwilling to take a chance. So I am going to find the Defendant in violation. I'm going to revoke your placement on probation and order that you serve the remainder of your sentence at the Department of Corrections [sic]. I find you indigent to any remaining fees.

*Id.* at 8. At Horton's request, the trial court also made a recommendation that Horton receive mental health evaluation and treatment. *Id.* at 9. Horton now appeals the propriety of the trial court's sanction following his probation revocation.

## DISCUSSION AND DECISION

The trial court determines the conditions of probation and may revoke probation if those conditions are violated. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). *Id.* "The decision to revoke probation is within the sound discretion of the trial court. And its decision is reviewed on appeal for abuse of that discretion." *Id.* An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. Further, on appeal, the reviewing court considers only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses. *Id.* If there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation, the reviewing court will affirm its decision to revoke probation. *Id.*

4

"Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in lieu of imprisonment." *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct. App. 2006). "These restrictions are designed to ensure that the probation serves as a period of genuine rehabilitation and that the public is not harmed by a probationer living within the community." *Id.* "As we have noted on numerous occasions, a defendant is not entitled to serve a sentence in a probation program; rather, such placement is a 'matter of grace' and a 'conditional liberty that is a favor, not a right.'" *Id.* (citing *Strowmatt v. State*, 779 N.E.2d 971, 976 (Ind. Ct. App. 2002)).

Probation revocation is a two-step process. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Generally speaking, as long as the trial court follows the procedures outlined in Indiana Code section 35-38-2-3, the trial court may properly order execution of a suspended sentence. *Id.* (citing *Crump v. State*, 740 N.E.2d 564, 573 (Ind. Ct. App. 2000), *trans. denied*). First, the court must make a factual determination that a violation of a condition of probation actually occurred. Ind. Code § 35-38-2-3(a)(1). If the trial court finds a violation of a condition of probation, the court may impose one of the following sanctions on the person: (1) continue probation, with or without modifying or enlarging the conditions; (2) extend the probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h).

Horton admits that he violated his probation when he failed to report, failed to submit urine tests, and tested positive on his drug screen; therefore, Horton does not

5

contest the first step of the process. *Appellant's Br*. at 6. Instead, maintaining that the trial court should have ordered a continuation of probation with counseling, therapy and appropriate medication, Horton argues that the trial court abused its discretion "in revoking all of his six years of suspended time and sentencing him to the [DOC]." *Id*. We disagree.

The trial court correctly observed that Horton had a long history of abusing cocaine and that the drug seemed to trigger his criminal behavior. *Tr*. at 8. Horton concedes that he "struggled for years with cocaine addiction." *Appellant's Br*. at 9. The probable cause affidavit shows that Horton consumed crack cocaine on the date he committed the rape that was the underlying offense in this case. *Appellant's App*. at 36. Furthermore, participation in substance abuse treatment while on probation did not deter him from drug use. *Appellant's App*. at 162.

Horton was initially charged with having committed Class A felony rape, Class B felony confinement, and Class D felony strangulation on October 3, 2007. On October 15, 2008, Horton pleaded guilty to one count of Class B felony rape. Accordingly, Horton received the benefit of not only a reduced charge from the Class A felony rape, but also the dismissal of two additional felony charges. Although Horton had a significant criminal history, pursuant to his plea agreement, he was sentenced to eighteen years, six of which were suspended to probation. Less than five months after starting probation, Horton had missed appointments with his probation officer, failed on two occasions to submit requested drug screens, and tested positive for cocaine—a drug that "is a trigger for a lot of his criminal behavior." *Tr*. at 8. While not charged, Horton's

6

admissions that he had been in a room with people who were using cocaine and drove with friends to purchase cocaine was evidence that he violated Condition 8 of his probation—that he "not associate with any person who is in violation of the law." *Appellant's App*. at 100, 161.

While "sympathetic to the issues," the trial court reviewed the pre-sentence report, was familiar with Horton's background, and ordered him to serve his six-year suspended sentence. *Tr*. at 8. We conclude the trial court did not abuse its discretion by ordering Horton to serve his six-year suspended sentence. Accordingly, we affirm the trial court's revocation of Horton's probation.

Affirmed.

VAIDIK, J., and PYLE, J., concur.