**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 31 2014, 9:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARLON D. McKNIGHT**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARLON D. McKNIGHT, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1308-PC-333 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-1207-PC-66 & 20D03-0802-FA-6

**July 31, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Marlon McKnight (McKnight), appeals the post-conviction court's denial of his petition for post-conviction relief.

We affirm.

## ISSUE

McKnight raises one issue on appeal which we restate as: Whether McKnight was denied effective assistance of appellate counsel.

## FACTS AND PROCEDURAL HISTORY

On February 4, 2008, the State filed an Information charging McKnight with two Counts, dealing in cocaine as Class A felonies, and one Count, dealing in cocaine as a Class B felony. The trial court set the initial pre-trial conference for February 8, 2008, and on that day, the trial court appointed a public defender to represent McKnight. On March 6, 2008, McKnight dismissed the public defender, his private attorney entered an appearance, and the trial court set the pre-trial conference for May 1, 2008, with the delay being charged to McKnight for purposes of Indiana Criminal Rule 4(C). On May 1, 2008, the trial court reset the pre-trial conference for May 22, 2008, at McKnight's request. On May 21, 2008, McKnight requested another continuance, and the trial court rescheduled the matter for June 5, 2008. On June 5, July 17, and July 30, 2008, McKnight requested additional continuances and agreed that the delays would be charged to him in accordance with Crim. R. 4(C).

On August 21, 2008, the trial court held a pre-trial conference where McKnight's attorney was present but McKnight failed to appear. As a result, McKnight's counsel sought an additional continuance and the pre-trial conference was set for September 25, 2008, with

2

the delay charged to McKnight. When the cause came up on September 25, both parties agreed on April 20, 2009, as the jury trial date. Unfortunately, McKnight's matter did not proceed on April 20 due to court congestion. On April 30, 2009, the parties convened and agreed to a new trial date set for November 30, 2009.

However, on July 9, 2009, McKnight's counsel filed a motion for discharge claiming that the trial setting of November 30 violated Crim. R. 4(C). The trial court subsequently denied that motion. In August 2009, McKnight dismissed his counsel, and on August 24, 2009, McKnight filed a motion to proceed *pro se.* A hearing for that motion was set for September 3, 2009. A day before the hearing, McKnight filed a motion for continuance and the matter was reset for September 10, 2009. On September 10, the trial court granted McKnight's motion to proceed *pro se*, and on the same day, McKnight filed a motion for discharge pursuant to Crim. R. 4(C). On October 15, 2009, the trial court heard the motion but denied McKnight's request for discharge.

After several continuances, and the filing of McKnight's numerous motions, the trial court eventually set the jury trial for March 8, 2010. A two day jury trial was conducted on March 8 and March 10, 2010. At the close of the evidence, the jury found McKnight guilty on all three Counts. On April 29, 2010, the trial court sentenced him to concurrent sentences of forty years each, for the two Class A felonies, and fifteen years for the Class B felony offense. All sentences were to run concurrently. On direct appeal, this court affirmed McKnight's conviction. *See McKnight v. State*, No. 20A05-1005-CR-357, (Ind. Ct. App. May 31, 2011), *trans. denied.*

3

On July 11, 2012, McKnight filed a *pro se* petition for post-conviction relief, claiming he received ineffective assistance of appellate counsel based on the fact that the appellate counsel did not challenge the trial court's denial of his motion for discharge under Crim. R. 4(C) on his direct appeal. On February 20, and May 28, 2013, the post-conviction court held evidentiary hearings on McKnight's petition. On August 1, 2013, the post-conviction court issued findings of fact and conclusion of law denying McKnight's petition.

McKnight now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Standard of Review*

Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1, § 5; *Strowmatt v. State*, 779 N.E.2d 971, 974-75 (Ind. Ct. App. 2002). To succeed on appeal from the denial of relief, the post-conviction petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id*. at 975. The purpose of post-conviction relief is not to provide a substitute for direct appeal, but to provide a means for raising issues not known or available to the defendant at the time of the original appeal. *Id*. If an issue was available on direct appeal but not litigated, it is waived. *Id*.

II. *Ineffective Assistance of Counsel*

McKnight argues that his appellate counsel rendered ineffective assistance because she failed to argue in the direct appeal that the trial court erred in denying his *pro se* motion for discharge pursuant to Crim. R. 4(C).

4

Because the strategic decision regarding which issues to raise on appeal is one of the most important decisions to be made by appellate counsel, appellate counsel's failure to raise a specific issue on direct appeal rarely constitutes ineffective assistance. *See Taylor v. State*, 717 N.E.2d 90, 94 (Ind. 1999). The Indiana supreme court has adopted a two-part test to evaluate the deficiency prong of these claims: (1) whether the unraised issues are significant and obvious from the face of the record; and (2) whether the unraised issues are "clearly stronger" than the raised issues. *Bieghler v. State*, 690 N.E.2d 188, 194 (Ind. 1997), *cert. denied,* 525 U.S. 1021 (1998). If this analysis demonstrates deficient performance by counsel, the court then examines whether the issues that appellate counsel failed to raise "would have been clearly more likely to result in reversal or an order for a new trial." *Id.*

Crim. R. 4(C) sets forth the time limits in which a defendant must be brought to trial and provides in relevant part that

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because congestion of the court calendar.

Under this rule, the State has an affirmative duty to bring the defendant to trial within one year of being charged or arrested, but extensions are allowed for various reasons. *Cook v. State*, 810 N.E.2d 1064, 1065 (Ind. 2004). For instance, "[i]f a delay is caused by the defendant's own motion or action, the one-year time limit is extended accordingly." *Frisbie v. State*, 687 N.E.2d 1215, 1217 (Ind. Ct. App. 1997), *trans. denied*. A defendant has no obligation to remind the trial court of the State's duty, nor is he required to take any

affirmative action to see that he is brought to trial within the statutory time period. *State v. Smith*, 495 N.E.2d 539, 541 (Ind. Ct. App.1986). Nevertheless, a defendant waives his right to a speedy trial if the defendant is aware or should be aware of the fact that the trial court has set a trial date beyond the applicable time limitation, and the defendant does not object to the trial date. *Blair v. State,* 877 N.E.2d 1225, 1232 (Ind. Ct. App. 2007), *trans. denied*.

A determination of whether Crim. R. 4(C)'s one-year timeframe has been violated requires various considerations. First, the court must determine what date marks the beginning and end of the one-year timeframe. The one-year period commences with the date of the defendant's arrest or the filing of the charging information, whichever is later. *See* Crim. R. 4(C).

In the instant case, we note that McKnight was charged on February 4, 2008; therefore, his one-year timeframe would have expired on February 4, 2009. As stated in *Frisbie,* 687 N.E. 2d at 1217, "[I]f a delay is caused by the defendant's own motion or action, the one-year time limit is extended accordingly." The record reveals that McKnight was responsible for the delay starting from March 6, 2008. The delay was extended to May 1, May 21, June 5, July 17, July 30, August 21, and September 25, 2008. In all, McKnight requested seven continuances between March 6 and September 25, 2008. Thus, it is apparent that the 203 days of delay from March 6 to September 25, 2008, were attributable to McKnight for Crim. R. 4(C) purposes. Accordingly, the new deadline was extended by 203 days from February 2009 to August 2009.

As for late trial setting dates, the record reveals that on September 25, 2008, both parties settled on April 20, 2009, as the trial date. However, the trial court vacated that trial

6

setting due to court congestion. On April 30, 2009, both parties agreed on November 30, 2009 as the new trial date. In essence, the November 30 trial date was outside the one-year timeframe. As noted in the foregoing, a defendant waives his right to a speedy trial if the defendant is aware or should be aware of the fact that the trial court has set a trial date beyond the applicable time limitation, and the defendant does not object to the trial date. *See Blair,* 877 N.E.2d at 1232. Instead of objecting to the November 30 trial setting, McKnight agreed to a setting outside the one-year timeframe, and by that fact, he acquiesced to the delay and waived his right to be discharged under Crim. R. 4(C).

In light of the foregoing, we find that McKnight has not demonstrated that but for his appellate counsel's alleged error, there is a reasonable probability that the result of the proceeding would have been different. *See McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (holding that a petitioner must show a reasonable probability that but for counsel's errors the result of the proceeding would have been different.). Moreover, McKnight has not demonstrated that the Crim. R. 4 (C) issue was "clearly stronger" than the issues raised by his appellate counsel. *See Bieghler,* 690 N.E.2d at 194. Had McKnight felt that he needed to obtain a trial within the parameters of Crim. R. 4 (C), he would not have sought numerous continuances, or acquiesced to the November 30 trial setting. Therefore, it was reasonable for the appellate counsel not to raise that issue on McKnight's direct appeal.

That said, we find that McKnight has failed to show that his appellate counsel's performance was deficient or that he was prejudiced as a result of counsel's performance, thus defeating his claim of ineffective assistance of counsel.

CONCLUSION

7

In conclusion, we find that McKnight did not establish ineffective assistance of appellate counsel.

Affirmed.

ROBB, J. and BRADFORD, J. concur