## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jan 14 2016, 6:21 am

CLERK
of the supreme court,
court of appeals and
tax court

---

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Derek Jones<br>Michigan City, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Michael Gene Worden<br>Deputy Attorney General<br>Indianapolis, Indiana |

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| Derek Jones,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | January 14, 2016<br><br>Court of Appeals Case No.<br>20A04-1506-PC-780<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Thomas Ryan, Judge<br><br>Trial Court Cause No.<br>20D03-1501-PC-1 |

**Baker, Judge.**

[1] Derek Jones appeals the denial of his petition for post-conviction relief. Finding the denial appropriate, we affirm.

[2] On January 12, 2011, a jury found Derek Jones guilty of class A felony child molesting, two counts of class A attempted child molesting, three counts of class B felony vicarious sexual gratification, four counts of class C felony child molesting, class D felony performing sexual conduct in the presence of a minor, and class D felony dissemination of matter harmful to minors. On February 18, 2011, the trial court sentenced him to an aggregate executed sentence of ninety-seven years.

[3] On appeal, in an unpublished decision, we affirmed most aspects of his conviction but vacated one forty-year sentence, remanding with instructions to impose a six-year sentence on that count. *Jones v. State*, No. 20A03-1103-CR-95, 2011 WL 5507197, at *8 (Ind. Ct. App. Nov. 10, 2011). This reduced the aggregate sentence from ninety-seven to sixty-nine years. *Id.* We found Jones's other arguments—insufficiency of the evidence, double jeopardy, inappropriateness of his sentence—to be unavailing. *Id.*

[4] Jones filed a petition for post-conviction relief on January 9, 2015. He alleged that the following entitled him to relief: at his trial, his counsel had him testify, on direct examination by the defense, to a previous conviction for class B felony battery resulting in serious bodily injury. Jones argues that this evidence fell under Evidence Rule 404(b) as impermissible character evidence, which should have been excluded.

[5] At the post-conviction hearing, Jones's previous counsel testified. He explained his reasons for bringing the conviction into evidence:

> I felt I had no choice but to have Mr. Jones testify. . . . So as Mr. Jones has indicated, we had a discussion, and it was my choice tactically after we conferred that we get it out in the open so that there wouldn't be any surprise or an appearance that we were doing something underhanded, trying to hide the conviction.

Tr. 16-17. The post-conviction court denied Jones's petition.

[6] On appeal from that denial, Jones raises two issues. First, he claims that the trial court erred in allowing his prior conviction into evidence. Second, he contends that counsel's decision to broach the topic at trial rendered counsel's assistance ineffective.

[7] To succeed on appeal from the denial of post-conviction relief, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Strowmatt v. State*, 779 N.E.2d 971, 974-75 (Ind. Ct. App. 2002). We consider only the probative evidence and reasonable inferences therefrom that support the post-conviction court's decision. *Manzano v. State*, 12 N.E.3d 321, 325 (Ind. Ct. App. 2014). The purpose of post-conviction relief is not to provide a substitute for direct appeal, but to provide a means for raising issues not known or available to the defendant at the time of the original appeal. *Strowmatt*, 779 N.E.2d at 975. If an issue was available on direct appeal but not litigated, it is waived. *Id.*

[8]     Jones's first issue, regarding trial court error, is waived for at least two reasons. First, this issue was known and available on direct appeal. It should have been brought there, and cannot be brought here. Second, the evidence of a prior conviction was introduced by the defense; therefore, any error would have been invited. Invited error is not reversible error. *Booher v. State*, 773 N.E.2d 814, 822 (Ind. 2002).

[9]     We turn to Jones's second argument. A defendant claiming ineffective assistance of counsel must establish both that counsel's performance was deficient and that the deficiency resulted in prejudice. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001). Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. *Id*.

[10]    The evidence supporting the decision of the post-conviction court shows that Jones and his counsel adopted the strategy of admitting to the previous crime as a method of building credibility with the jury. This was a legitimate strategy, well within defense counsel's discretion to adopt. As such, Jones's argument of ineffective assistance of counsel fails on the first prong: he has not demonstrated any deficient performance by his counsel.

[11]    Moreover, we note that at least four of the children Jones was alleged to have had inappropriate relations with testified against him at his trial. Each of their testimonies substantially corroborate each other. Therefore, Jones's argument of ineffective assistance of counsel fails on the second prong as well: he has not

demonstrated that the exclusion of this one piece of evidence would likely have altered the jury's decision.

[12] The judgment of the post-conviction court is affirmed.

Bradford, J., and Pyle, J., concur.